Shawna L. Parks (CA Bar No. 208301)
Sean Betouliere (CA Bar No. 308645)
Meredith J. Weaver (CA Bar No. 299328)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California  94704-1204
Telephone:      (510) 665-8644
Facsimile:       (510) 665-8511
Email:            sbetouliere@dralegal.org
                    mweaver@dralegal.org
                    sparks@dralegal.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA HO and CHRISTINA MILLS, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and RENTAL CAR INTERMEDIATE HOLDINGS, LLC;<br><br>Defendants. | **Civil No. 24-1066**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT; AND CALIFORNIA CIVIL CODE § 51, *ET SEQ.*** |

## I. INTRODUCTION

1. This class action seeks to end the systemic civil rights violations committed by Defendants The Hertz Corporation ("Hertz Corporation"); Hertz Global Holdings, Inc ("Hertz Global"); and Rental Car Intermediate Holdings, LLC (collectively, "Hertz" or "Defendants") against people with disabilities who need hand controls in order to operate a rental car.

2. Hand controls generally consist of a mechanism that allows drivers to accelerate and brake using their left or right hand, and a "spinner knob" that allows for one-handed steering. Hand controls can be installed and used in virtually any car on the market today.

3. For many years, Hertz had a policy of providing hand controls in a wide variety of its rental cars.

4. Unfortunately, in recent years Hertz has made its services **less** accessible to people with disabilities, by drastically reducing the models and types of cars that may be reserved with hand controls, and adopting a new policy or practice of not placing hand controls in certain categories of vehicle at all.

5. According to the Hertz website, the company will now only provide hand controls on two sedans (the Kia Forte and the Kia Rio), one minivan (the Kia Sedona), one truck (the Chevrolet Silverado 1500), and a selection of sports utility vehicles. This means that Hertz openly excludes people who need hand controls from renting electric vehicles, convertibles, luxury sedans, and a variety of other vehicle categories that are available to the company's nondisabled customers.

6. In practice, the options for Plaintiffs and other people with disabilities are even more limited than the company's stated policy suggests: when attempting to make a reservation, there is often no option to reserve a minivan, truck, or sedan with hand controls, meaning that the only vehicle actually available to Plaintiffs and other people with disabilities is some type of SUV. This is particularly ironic because the height of most SUVs makes them difficult or impossible for people who use wheelchairs to get into without help, meaning that they are not a realistic option for many people who need hand controls.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

7. By relegating customers who need hand controls to a restricted set of rental vehicles and depriving them of the opportunity to rent whole categories of vehicles, Hertz is denying people with disabilities the full and equal enjoyment of its goods and services that is their legal right.

8. Hertz's policy and practice of only providing hand controls in certain categories of car also has the effect of imposing an impermissible surcharge on customers with disabilities, who are forced to pay the difference in daily rate between the car they want and the car that Hertz is willing to provide with hand controls. It is not uncommon for the cheapest car that Hertz will provide hand controls on to cost **much** more (over $100 more) than the cheapest car nondisabled customers can reserve for the same dates.

9. In addition, Hertz's reservation processes place barriers in the way of customers attempting to rent accessible vehicles that customers without disabilities do not face. For example, the Hertz website fails to clearly indicate which vehicles can be reserved with hand controls, meaning that customers who require such controls must engage in a lengthy and frustrating process of trial and error in order to figure out which (if any) Hertz vehicles have this as an option.

10. Plaintiffs Christina Mills and Carina Ho bring this action on behalf of themselves and other people with disabilities who need hand controls to drive a rental car, and who are thus denied the same access to Hertz's rental services that nondisabled people have.

11. While Plaintiffs would like to rent from Hertz (including for specific future trips, discussed below), they are currently deterred from using Hertz's rental services at all because of the discriminatory policies and practices alleged herein.

12. Hertz has refused to reasonably modify these policies and practices to ensure that Plaintiffs and other people with disabilities who need hand controls have full and equal access to the car rental and reservation services it offers, despite having received repeated requests to do so from customers and potential customers who need hand controls.

13. Prior to filing this complaint, Plaintiffs once again asked Hertz to revise its policies and practices, so that people who need hand controls could have the same access to the

company's rental vehicle and reservation services that are available to everyone else. Unfortunately, the company gave no substantive response to Plaintiffs' request, and refused to ensure that people who need hand controls have full and equal access to the rental services it provides.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

14. This is an action for declaratory and injunctive relief, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*; and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act").

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for claims arising under the ADA.

16. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the Unruh Act pursuant to 28 U.S.C. § 1367.

17. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)–(c), as Hertz does business within this district, and this is the district in which a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

19. Pursuant to the Northern District of California's Civil Local Rule 3-2(c)–(d), since the events and omissions giving rise to Plaintiffs' claims occurred in San Francisco, Alameda, and Contra Costa counties, the intradistrict assignment should be to either the Northern District's San Francisco Division or its Oakland Division.

## III. PARTIES

20. Plaintiff Carina Ho uses a wheelchair as a result of her mobility disability, and requires hand controls in order to operate a rental car. Ms. Ho lives in Berkeley, California, but travels frequently for both work and personal reasons. On multiple occasions, Ms. Ho has looked into the possibility of renting a minivan, convertible, electric car, or other car of her choosing

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

from Hertz, but she has been unable to rent one with hand controls. Ms. Ho has been and is currently being deterred from using Hertz's goods, services, facilities, privileges, advantages, and accommodations because of the discriminatory policies and practices alleged herein.

21. Plaintiff Christina Mills uses a wheelchair as a result of her mobility disability, and requires hand controls in order to operate a rental car. Ms. Mills lives in Benicia, California, but travels frequently for both work and personal reasons. On multiple occasions, Ms. Mills has looked into the possibility of renting a minivan, van, convertible, electric car, or other car of her choosing from Hertz, but she has been unable to rent one with hand controls. Ms. Mills has been and is currently being deterred from using Hertz's goods, services, facilities, privileges, advantages, and accommodations because of the discriminatory policies and practices alleged herein.

22. Defendant Hertz Global Holdings, Inc. is the top-level holding company for Defendant Rental Car Intermediate Holdings, LLC; which in turn owns Defendant The Hertz Corporation and a variety of other corporate subsidiaries.

23. Defendant The Hertz Corporation, Inc. is the primary operating company for Defendant Hertz Global Holdings, Inc., and operates a global car rental business through the "Hertz" brand.

24. References in this document to "Defendants" or "Hertz" shall be deemed to include all named Defendants, unless otherwise indicated.

25. Plaintiffs are informed and believe, and on this basis allege, that each Defendant was the agent of every other Defendant and was at all times relevant to this Complaint acting within the scope of such agency.

26. Plaintiffs seek full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered to the public by Hertz, whether at its physical car rental locations, through its website, or through its customer service phone line.

IV.   FACTUAL ALLEGATIONS

27. Many people with disabilities need hand controls in order to operate motor vehicles.

28. Hand controls generally consist of a mechanism that allows drivers to accelerate or brake using one hand, and a "spinner knob" that allows for steering with the other.

29. Hand controls can be installed and used in virtually any car on the market today.

30. As a result of Defendants' policy and practice of only placing hand controls in a small subset of its available vehicles, Plaintiffs and other individuals who need hand controls are now unable to rent whole categories of cars from Hertz, though the company continues to offer vehicles in these categories to its customers without disabilities.

31. Through their "Hertz" brand, Defendants offer rental cars at over 4,000 corporate and franchised locations throughout North America, including at numerous locations within the Northern District of California.

32. Hertz's franchised locations use the same reservation channels as corporate locations and operate according to the same policies.

33. Hertz also operates the Hertz.com website and the Hertz customer service line, through which customers can assess the availability of rental cars, and reserve them for pickup at physical Hertz rental locations.

34. With certain exceptions, Hertz does not accept reservations for specific makes or models of vehicles. Rather, customers may reserve a particular category of car (also sometimes referred to as a "class" or "vehicle group"), and the precise make or model that they receive within that category will depend upon availability. These categories include "Compact/Midsize," "Fullsize/Standard," "Premium," "SUV/Minivan," "Premium/Luxury," and "Convertible."

35. Plaintiff Carina Ho has not yet been able to rent a vehicle from Hertz, but she has repeatedly attempted to do so and been stymied when Hertz would not provide hand controls on her chosen category of car, despite having vehicles in this category available for nondisabled renters.

36. For example, in October 2023 Ms. Ho visited the Hertz website intending to rent a vehicle for an early November trip to Austin, Texas. While she hoped to rent a small conventional sedan or electric vehicle, she found that Hertz would only provide hand controls on

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  SUVs at this location, even though there were sedans and electric vehicles available on the same
2  dates for the company's nondisabled customers.

3    37. Around the same time, Ms. Ho visited the Hertz website to reserve a vehicle at the
4  company's Oakland International Airport location, for a late November trip to Tahoe. Again,
5  Ms. Ho found that Hertz would only provide hand controls on SUVs—sedans, convertibles,
6  pickup trucks, electric vehicles, luxury cars, and minivans were not offered as options, despite
7  being available for nondisabled renters.

8    38. Many SUVs are not a feasible option for Ms. Ho and many other people who use
9  wheelchairs and need hand controls, because their height makes them difficult or impossible to
10 enter independently.

11   39. When attempting to make these reservations, Ms. Ho also realized that renting a
12 Hertz vehicle with hand controls would require her to incur a significant additional cost. For
13 example, the cheapest vehicle available at the Oakland International Airport for her chosen late-
14 November dates was only $37 per day, but Hertz did not offer the option of selecting hand
15 controls for this vehicle category. The cheapest category of vehicle for which hand controls were
16 offered, a Standard 5-Passenger SUV, was nearly double the price: $63.46 per day.

17   40. A "Services for Physically Challenged" page buried deep within the Hertz
18 website[1] states that while the company will not provide hand controls in "Compact" or
19 "Economy" cars "due to space limitations inside the car and the type of controls installed," it can
20 "accept a reservation for Economy (A) or Compact (B) vehicle groups," and customers would
21 "receive the rate of the vehicle group confirmed on the reservation." This seems to promise that
22 customers with disabilities can reserve a car with hand controls at the "Compact" or "Economy"
23 rate, even if the controls will ultimately be provided in a larger car.

---

[1]  To find this page, a potential customer must perform the following non-intuitive steps: 1) search for rental vehicles available at a particular location on a particular date, 2) scroll to the bottom of the results page, 3) expand a menu titled "Rental Qualifications and Requirements," 4) expand another menu entitled "Additional Equipment and Services," and then 5) click a link entitled "Services for Physically Challenged."

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

41. In practice, this is not the case: based on a search of Hertz vehicles available in various locations and on various dates, Hertz often offers no option to provide hand controls in its least expensive vehicle categories and there is no way for customers to reserve a car with hand controls at its least expensive rates. For example, when searching for cars available at Hertz's San Francisco Fisherman's Wharf location for the week of December 4, 2023, hand controls were not an option for vehicles in the "Manager's Special 2 or 4 Door," the "Intermediate Electric Elite," the "Special," the "Small Sedan," the "Economy 2/4 Door," or the "Tesla Model 3" categories, which represented the six least expensive options for that time period. The cheapest category of vehicle for which hand controls **could** be selected was the medium sedan, which was $50 per week more than the cheapest vehicle a nondisabled customer could rent for that same period.

42. Ms. Ho would like to rent from Hertz in the future—including for a planned June 2024 trip to Washington D.C., and a planned August 2024 trip to Maine. However, she is currently deterred from doing so by the discriminatory policies and practices described herein.

43. Like Ms. Ho, Plaintiff Christina Mills has not yet been able to rent a vehicle from Hertz because of the discriminatory practices. However, on multiple occasions in the past year she has visited the Hertz website to see if Hertz would offer hand controls on the vehicle of her choosing for an upcoming trip. Each time, Ms. Mills found that the company would not do so.

44. Generally, Plaintiff Mills prefers to rent minivans, since their low clearance, foldable seats, and swinging doors allow her to transfer in and out more easily than is possible in other cars. Similarly, if renting a convertible, Ms. Mills can simply transfer into the driver's seat and then lift her wheelchair over the open top and into the passenger seat. For various reasons (including fuel cost and concern for the environment), Ms. Mills would also be interested in renting an electric car from Hertz. Ms. Mills has found that Hertz locations will generally not provide hand controls in any of these vehicle types, even though they are available for nondisabled drivers.

45. For example, in November 2023 Ms. Mills visited the Hertz website to rent a minivan or larger van for a planned December 2023 family trip to San Jose. Though she checked

1 multiple Hertz locations—including Fairfield and the Oakland International Airport—she found
2 that, while minivans and larger vans were available for rental to other customers, none of them
3 had an option to add hand controls.

4     46. While conducting this search, Ms. Mills also found that Hertz would not provide
5 hand controls on any of the electric vehicles it offers, or on a variety of other cars she would be
6 interested in renting in the future, such as convertibles.

7     47. Like Ms. Ho, Ms. Mills also realized that renting a Hertz vehicle with hand
8 controls would often require her to incur a significant additional cost. For example, the least
9 expensive car available at Hertz's Oakland Airport location for her chosen dates was a
10 "Managers' Special EV or Similar," which cost only $20 per day. By contrast, the cheapest car
11 on which Hertz would provide hand controls, a medium sedan, cost $55 per day—well over
12 double the amount.

13     48. Ms. Mills had a similar experience when searching for vehicles for a planned
14 April 2024 trip to Atlanta, Georgia. Here, Hertz would only offer hand controls in its Medium
15 Sedan, Small SUV, Large SUV, and the Extra Capacity Large SUV, none of which was the
16 cheapest vehicle available for her chosen dates.

17     49. Hertz's Atlanta airport location would not provide hand controls on vehicles in its
18 Small Sedan, Electric Small SUV, Standard 5 Passenger SUV, Standard 2/4 Door, Large Sedan,
19 Minivan, Small Luxury SUV, Medium Luxury SUV Large Premium Sedan, Compact SUV,
20 Standard 8 Passenger Van, Intermediate Electric Elite, Large Luxury Sedan, Tesla Model 3,
21 Small Elite Sedan, Medium Elite Sedan, Electric Elite SUV, Tesla Model Y, 12 Passenger Van,
22 Large Elite SUV, or Tesla Model S vehicle categories, despite cars in all of these classes being
23 available to nondisabled customers on Ms. Mills' chosen dates.

24     50. Ms. Mills travels regularly for both work and leisure, and if Hertz were to provide
25 hand controls in her chosen categories of vehicle, she would utilize their services several times a
26 year, including for a planned spring 2024 trip to North Carolina. However, Ms. Mills has been
27 and is currently being deterred from using Defendant Hertz's rental services at all, as a result of
28 its policy or practice of not offering hand controls in the same categories of vehicles it makes

available to nondisabled customers, as well as the other discriminatory policies and practices alleged herein.

51.     Plaintiffs' experiences with Hertz were not aberrations: a review of Hertz locations at the airports serving major United States cities (Los Angeles; Chicago; Seattle; Las Vegas; Houston; San Diego; Miami; and Portland, Oregon) revealed that, at each location, the company would only provide hand controls in SUVs and sedans, even though a variety of other vehicles were offered to nondisabled customers for the same dates. Moreover, the cheapest vehicle available with hand controls was often **much** more expensive than the cheapest vehicle without them—sometimes over $100 more, and in once instance over $200 more—meaning that Hertz is effectively forcing people with disabilities to pay a significant surcharge for hand controls.

52.     In addition to relegating people who need hand controls to an extremely limited (and often, more expensive) set of Hertz vehicles, the company's reservation processes place barriers in the way of potential customers with disabilities that the nondisabled do not face. For example, the Hertz website gives Plaintiffs and other people with disabilities little guidance on which vehicles can be reserved with hand controls. There is, for instance, no "Accessible Vehicles" or "Hand Controls" filter when viewing reservation search results, meaning that customers with mobility disabilities must engage in a lengthy and frustrating process of "guess-and-check," clicking through every possible car to see if hand controls come up as an option under "Additional Rental Equipment," in order to find a vehicle that might meet their needs.

53.     Plaintiffs are informed and believe, and on that basis allege, that reserving a vehicle with hand controls through Hertz's customer service phone line is similarly difficult, and often requires people with disabilities to wait on hold as they are transferred to a series of different agents before finally reaching an unlisted "Special Services" department.

54.     By engaging in the discriminatory policies and practices described herein, Hertz has denied Plaintiffs and other people with disabilities who need hand controls the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, in violation of both state and federal law.

## V. CLASS ACTION ALLEGATIONS

55. Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.

56. Plaintiffs seek certification of the following nationwide class: "all potential Hertz customers with disabilities who need hand controls to operate a rental car" ("the ADA Class").

57. Plaintiffs seek only injunctive relief on behalf of the ADA Class.

58. Each Plaintiff and member of the proposed ADA Class is a "qualified person with a disability" pursuant to the ADA, as alleged herein.

59. Plaintiffs are unable to state the precise number of potential members of the proposed ADA Class. However, according to a November 2018 report from the United States Census Bureau, an estimated 5.5 million American adults (2.3% of the population) have a mobility disability that necessitates the use of a wheelchair.[2] Even if only a small portion of this total population were members of Plaintiffs' proposed ADA Class, it would still number in the tens of thousands. Moreover, the class of people with disabilities who need hand controls is not limited to people who use wheelchairs—people with neuropathy, rheumatoid arthritis, and a variety of other conditions may also need such controls in order to operate motor vehicles safely and without pain. Thus, members of Plaintiffs' proposed ADA Class are sufficiently numerous that joinder is impracticable.

60. Plaintiffs also seek certification of the following subclass: "all potential Hertz customers with disabilities who live in or will visit California and need hand controls to operate a rental car" ("the Unruh Subclass").

61. Plaintiffs seek only injunctive relief on behalf of the Unruh Subclass.

62. Plaintiffs Ho and Mills and each member of the proposed Unruh Subclass is a "person with a disability" pursuant to the Unruh Civil Rights Act, as alleged herein.

63. Plaintiffs are unable to state the precise number of potential members of the proposed Unruh Subclass, however applying the U.S. Census Bureau's estimate that 2.3% of the

---

[2] Danielle M. Taylor, U.S. Census Bureau, *Americans with Disabilities: 2014*, Household Economic Studies 8 (Nov. 2018), *available at* https://www.census.gov/history/pdf/p70-152.pdf.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

American adult population uses a wheelchair to California's estimated population of over 38.9 million[3], one could expect over 800,000 California's to use a wheelchair. Again, even if only a small portion of this total were members of Plaintiffs' proposed Unruh Subclass, it would still number in the thousands. Moreover, the class of people with disabilities who need hand controls is not limited to people who use wheelchairs—people with neuropathy, rheumatoid arthritis, and a variety of other conditions may also need such controls in order to operate motor vehicles safely and without pain. Thus, members of Plaintiffs' proposed Unruh Subclass are sufficiently numerous that joinder is impracticable.

64. Common questions of fact and law predominate, because Plaintiffs and members of the proposed classes have all been and/or are being denied their right to full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and accommodations.

65. Plaintiffs' claims are typical of, and not antagonistic to, the claims of all other members of the Class. Defendants' discriminatory actions, alleged herein, have harmed Plaintiffs and members of the proposed classes in ways that are either identical or substantially similar. Plaintiffs, by advancing their claims, will also advance the claims of all other similarly situated individuals.

66. Plaintiffs are adequate class representatives because they are directly impacted by Hertz's failure to ensure that people with disabilities who need hand controls have the same rental vehicles that nondisabled drivers enjoy. The interests of the Plaintiffs are not antagonistic to, or in conflict with, the interests of the classes as a whole, and there are no material conflicts between Plaintiffs' claims and those of absent class members that would make class certification inappropriate.

67. The attorneys representing the classes are highly trained, duly qualified, and very experienced in representing plaintiffs in civil rights class actions.

---

[3] *QuickFacts: California*, U.S. Census Bureau, www.census.gov/quickfacts/fact/table/CA (last visited Jan. 23, 2024).

68. Defendants have acted and failed to act on grounds generally applicable to the classes as a whole, thereby making appropriate final declaratory and injunctive relief with respect to the classes as a whole.

69. References to Plaintiffs shall include Plaintiff Christina Mills, Plaintiff Carina Ho, and each member of the relevant proposed Classes, unless otherwise indicated.

## VI. FIRST CAUSE OF ACTION ON BEHALF OF THE ADA CLASS

**Discrimination in Violation of Title III of the Americans with Disabilities Act
42 U.S.C. § 12181, *et seq.***

**(For Injunctive and Declaratory Relief On Behalf of Plaintiffs and the Proposed Class)**

70. Plaintiffs incorporate by reference the foregoing allegations as though fully set forth herein.

71. Plaintiffs and members of the proposed ADA Class are individuals who have physical impairments that substantially limit their ability to use their lower extremities to drive an automobile and thus are qualified individuals with disabilities within the meaning of the ADA. 42 U.S.C. § 12102.

72. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation. 42 U.S.C. § 12182.

73. More specifically, Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from denying an individual or class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of that entity. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

74. Title III also prohibits entities that own, operate, lease, or lease to places of public accommodation from affording an individual or class of individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

75.     Hertz owns or operates numerous car rental locations, which are places of public accommodation within the statutory definition. 42 U.S.C. §§ 12181(7)(E), (F) ("travel services" and "other sales or rental establishments" are places of public accommodation).

76.     By relegating customers like Plaintiffs to a restricted set of rental vehicles and depriving them of the opportunity to rent whole categories of vehicles, Hertz is denying people with disabilities the full and equal enjoyment of its goods and services that Title III requires and providing them with a service that is plainly not equal to that afforded to other individuals.

77.     As a means by which customers can access information on rental office locations and hours, check vehicle availability, access special discounts, and reserve vehicles for pickup at a Hertz location, the Hertz.com website is a service of physical Hertz offices, subject to the same antidiscrimination requirements imposed on those places by the ADA. 42 U.S.C. § 12182(a) (prohibiting discrimination on the basis of disability in the "services," "privileges," and "advantages" of places of public accommodation); *see also Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 955–56 (N.D. Cal. 2006) (noting that Target.com is "heavily integrated with the brick-and-mortar stores and operates in many ways as a gateway to the stores," and denying Target's motion to dismiss plaintiffs' Title III ADA claim regarding the site's inaccessibility).

78.     Similarly, as a means by which customers can access information on rental office locations and hours, check vehicle availability, and reserve vehicles for pickup at a Hertz location, Hertz's customer service phone lines are also services of physical Hertz offices, subject to the same antidiscrimination requirements imposed on those places by the ADA.

79.     The mandate to provide people with disabilities with full and equal enjoyment extends to these web and phone services, and particularly, to the reservation functionality that they offer.

80.     As alleged above, Hertz's web and phone reservation processes place barriers in the way of customers attempting to rent vehicles with hand controls that customers without disabilities do not face. Hertz's failure to ensure that people who need these controls can reserve

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  rental vehicles in the same manner as those who do not is a discriminatory denial of the equal
2  enjoyment to which people with disabilities are legally entitled.

3    81.   Defendants' actions were and are in violation of the Americans with Disabilities
4  Act, 42 U.S.C. §§ 12181, *et seq.*, and regulations promulgated thereunder. Many individuals with
5  mobility impairments, including Plaintiffs Ho and Mills, have been and continue to be denied
6  full and equal access to the goods, services, facilities, privileges, advantages, or accommodations
7  that Hertz offers.

8    82.   Moreover, Plaintiffs and other individuals with mobility impairments are aware of
9  Defendants' discriminatory policies and practices and have been and continue to be deterred
10 from using Hertz's goods, services, facilities, privileges, advantages, or accommodations as a
11 direct result of this discrimination.

12   83.   Hertz has failed to take the necessary steps to provide full and equal access to
13 potential patrons with mobility impairments, and its violations of the ADA are ongoing. Unless
14 the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs
15 and members of the proposed ADA Class will continue to suffer irreparable harm.

16   84.   Plaintiffs and members of the proposed ADA Class are entitled to injunctive relief
17 and reasonable attorneys' fees and costs. 42 U.S.C. §§ 12188, 12205.

**VII.   SECOND CAUSE OF ACTION ON BEHALF OF THE ADA CLASS**

**Failure To Make Necessary Reasonable Accommodations, in Violation of Title III of the Americans with Disabilities Act**
**42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a),** *et seq.*

**(For Injunctive and Declaratory Relief on behalf of Plaintiffs and the Proposed ADA Class)**

   85.   Plaintiffs incorporate by reference the foregoing allegations as though fully set forth herein.

   86.   It is a further violation of Title III of the ADA for entities that own, operate, lease, or lease to places of public accommodation to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

modification would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

87. As alleged above, Plaintiffs and other people with disabilities have asked Hertz to revise its policies and practices so that people who need hand controls could have the same access to the company's rental and reservation services that is available to everyone else, but Hertz has repeatedly refused to do so.

88. By failing to modify its policies, practices, and procedures to provide hand controls, upon request, in each category of car that it offers; and by similarly failing to reasonably modify its reservation policies and practices, to ensure that people who need hand controls can use its web and phone reservation services just as easily as nondisabled customers can, Hertz is violating Title III.

89. Plaintiffs and members of the proposed ADA Class are entitled to injunctive relief and reasonable attorneys' fees and costs. 42 U.S.C. §§ 12188, 12205.

## VIII.   THIRD CAUSE OF ACTION ON BEHALF OF THE ADA CLASS

**Illegal Surcharge, in Violation of Title III of the Americans with Disabilities Act
28 C.F.R. § 36.301, *et seq.***

**(For Injunctive and Declaratory Relief on behalf of Plaintiffs and the Proposed ADA Class)**

90. Plaintiffs incorporate by reference the foregoing allegations as though fully set forth herein.

91. The Department of Justice's regulations implementing Title III of the ADA prohibit public accommodations from imposing a surcharge on "a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures . . . that are required to provide that individual or group with the nondiscriminatory treatment required" under the ADA. 28 C.F.R. § 36.301.

92. By failing to ensure that people with disabilities can always rent vehicles with hand controls for the same rates available to its customers who do not need such controls—either because Hertz will not provide hand controls on the cheapest model available on a given day, or because Hertz will not provide hand controls on a given category of vehicle and the customer

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

must rent a more expensive class to get a vehicle with such controls—Hertz is effectively imposing a surcharge on people with disabilities to cover the cost of providing them with necessary accommodations.

93. Plaintiffs and members of the proposed ADA Class are entitled to injunctive relief and reasonable attorneys' fees and costs. 42 U.S.C. §§ 12188, 12205.

## IX. FOURTH CAUSE OF ACTION ON BEHALF OF THE UNRUH SUBCLASS

**Violation of the Unruh Civil Rights Act**
**California Civil Code section 51,** *et seq.*

**(For Injunctive and Declaratory Relief on behalf of Plaintiffs and the Proposed Unruh Subclass)**

94. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

95. The Unruh Civil Rights Act ("the Unruh Act") guarantees, among other things, that persons with disabilities are entitled to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

96. As persons who have physical disabilities that affect body systems and limit their ability drive a vehicle, Plaintiffs Ho and Mills and members of the proposed Unruh Subclass are persons with disabilities within the meaning of the Unruh Act. Cal. Civ. Code § 51(e)(1).

97. Hertz is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act.

98. Defendants have violated the Unruh Act in that the conduct alleged herein constitutes a violation of various provisions of Title III of the Americans with Disabilities Act and its implementing regulations, as set forth above. *See* Cal. Civ. Code § 51(f).

99. Defendants have been on notice, for years, that this conduct violates state and federal law, and their continued discriminatory actions and failures to act are both knowing and intentional.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Ho, et al. v. The Hertz Corporation, et al.*, **Civil No. 24-1066**
**Complaint**                                                              16

100. Therefore, Plaintiffs and other members of the proposed Unruh Subclass who need hand controls are entitled to injunctive and declaratory relief remedying this discrimination pursuant to California Civil Code § 52.

101. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs and other members of the putative class will continue to suffer irreparable harm.

102. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in bringing this action.  Cal. Civ. Code § 52.

## X. FIFTH CAUSE OF ACTION ON BEHALF OF NAMED PLAINTIFFS

**Violation of the Unruh Civil Rights Act**
**California Civil Code section 51,** *et seq.*

**(For Damages on behalf of Named Plaintiffs <u>Only</u>)**

103. Named Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

104. Under California Civil Code § 52, any person or entity that "denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51" is liable "for each and every offense for the actual damages. . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)."

105. Named Plaintiffs are thus entitled to actual and/or statutory damages, as well as attorneys' fees and costs, for each and every discriminatory offense described herein, in an amount to be determined at trial, and seek those damages on behalf of themselves only.

## XI. SIXTH CAUSE OF ACTION

**Declaratory Relief**
**28 U.S.C. § 2201**

106. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

107. Plaintiffs contend, and are informed and believe that Defendants deny, that Hertz has failed to comply with applicable laws prohibiting discrimination against persons with

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

disabilities and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*; and the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*

108. A judicial declaration, issued pursuant to the Court's authority under 28 U.S.C. section 2201, is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

109. A permanent injunction—pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* and California Civil Code § 51, *et seq*—requiring Defendants to take the steps necessary to ensure that people with disabilities who need hand controls to operate a rental vehicle have full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations. Such injunctive relief may include, but not necessarily be limited to: 1) revising its current policy and practice regarding the provision of hand controls in rental vehicles to ensure that people with disabilities who need hand controls can rent the same categories of cars available to nondisabled customers, and that they can always rent vehicles with hand controls for the same rates available to customers who do not need such controls; 2) training employees, franchisors, and others to effectively implement these revised policies and practices; 3) revamping both online and phone reservation systems to ensure that people with disabilities who need hand controls have full and equal access to its reservation services.

110. A declaration that Defendants have discriminated against Plaintiffs and other people with disabilities who need hand controls to operate a rental vehicle, in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; and California Civil Code § 51, *et seq.*, by 1) failing to provide them with full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations, including full and equal enjoyment of the company's online and phone reservation systems; 2) failing to reasonably modify its policies and procedures to provide them with hand controls, upon request, in every category of vehicle that the company offers to

the general public and for which hand controls are available on the market; and 3) effectively imposing a discriminatory surcharge on them.

111. Actual and/or statutory damages for each and every discriminatory offense described herein (as permitted by California Civil Code § 52), in an amount to be determined at trial, **on behalf of named Plaintiffs only**;

112. An order awarding Plaintiffs' reasonable attorneys' fees and costs, as provided by law; and

113. For such other relief as the Court deems just and proper.

DATED: February 22, 2024         Respectfully submitted,

DISABILITY RIGHTS ADVOCATES

_[signature]_

_____
Sean Betouliere
Attorneys for Plaintiffs

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Ho, et al. v. The Hertz Corporation, et al.*, Civil No. 24-1066
Complaint                                                                 19