SHAWNA PARKS (CA BAR NO. 208301)
sparks@dralegal.org
MEREDITH J. WEAVER (CA BAR NO. 299328)
mweaver@dralegal.org
SEAN BETOULIERE (CA BAR NO. 308645)
sbetouliere@dralegal.org
Disability Rights Advocates
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Tel:    (510) 665-8644
Fax:    (510) 665-8511

ELIANA FISHER (pro hac vice)
efisher@dralegal.org
Disability Rights Advocates
655 Third Avenue, Suite 2619
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CARINA HO and CHRISTINA MILLS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and RENTAL CAR INTERMEDIATE HOLDINGS, LLC,<br><br>Defendants. | Case No. 3:24-cv-01066-MMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS PURSUANT TO CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:    Honorable Maxine M. Chesney<br>Date:     August 21, 2026<br>Time:     9:00 a.m.<br>Crtrm.:   7 |

# TABLE OF CONTENTS

Notice of Motion and Motion ................................................................................................ 1

Memorandum of Points and Authorities .............................................................................. 1

I.      Introduction .............................................................................................................. 1

II.     Relevant Background ................................................................................................ 2

  A.    The Parties Completed Full Fact Discovery and Disclosure of Experts Prior to Reaching the Agreement. ............................................................................................... 2

  B.    Resolution Required Extensive Negotiations Facilitated by Magistrate Judge Spero ................... 4

III.    Argument .................................................................................................................. 4

  A.    As the Prevailing Parties, Plaintiffs are Entitled to Fees, Expenses, and Costs. ........................... 4

  B.    The Award Requested is Reasonable in Light of the Lodestar Analysis. ...................................... 5

    1.  Class Counsel's Lodestar is Based on Reasonable Rates. ........................................................ 6

    2.  Class Counsel's Lodestar is Based on a Reasonable Number of Hours. .................................. 9

  C.    Plaintiffs' Costs and Expenses are Recoverable and Reasonable. .............................................. 10

IV.     Conclusion ............................................................................................................. 11

*Ho, et al. v. The Hertz Corp., et al.*                    i                    Case No. 3:24-cv-01066-MMC

PLS.' MOT. FOR REASONABLE ATTORNEYS' FEES AND COSTS; MEM. P. & A. SUPP.

# TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Davis*, 318 F.3d 965 (9th Cir. 2003) ................................................. 9

*Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010) ................................. 7

*Bloom v. City of San Diego*, No. 17-cv-02324, 2024 WL 4495512 (S.D. Cal. Oct. 15, 2024) ................. 7

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ............................ 6

*Chapman v. NJ Props. Inc.*, No. 5:16-cv-02893-EJD, 2019 WL 3718585 (N.D. Cal. Aug. 7, 2019) ....... 5

*Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC*, No. 18-cv-06012-JSW, 2020 WL 10505223 (N.D. Cal. May 22, 2020) ......................................... 7

*Curran v. City of Oakland*, No. 23-CV-02354-RS, 2025 WL 3485360 (N.D. Cal. Dec. 4, 2025) ............ 7

*Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536 (9th Cir. 1992) ........................... 10

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) ................................. 6

*Guerra v. West Los Angeles College*, No. 16-cv-6796-MWF (KSx) (C.D. Cal. July 29, 2024) ............... 8

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ......................................... 9

*Johnson v. Baird Lands, Inc.*, No. 18-cv-05365-VKD, 2020 WL 3833278 (N.D. Cal. July 8, 2020) ....... 6

*Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002) ................................. 11

*McCullough v. Cal. Dep't of Developmental Servs.*, No. 3:20-cv-2958-SI (N.D. Cal. Sept. 18, 2023) .... 7

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ........................... 5, 9

*Navarro v. City of Mountain View*, No. 5:21-cv-05381-NC (N.D. Cal. Feb. 28, 2023) ................ 7

*Nevarez v. Forty Niners Football Co.*, 474 F. Supp. 3d 1041 (N.D. Cal. 2020) ...................... 5

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) ................................. 5

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010) ........................... 6

*Rodgers v. Fitzgerald*, No. 14-cv-00985-DMR, 2016 WL 4658974 (N.D. Cal. Sept. 7, 2016) ............... 11

*Senior & Disability Action v. S.F. Bay Area Rapid Transit Dist.*, No. 3:17-cv-01976-LB (N.D. Cal. Apr. 18, 2024) ......................................... 7

*Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608 JCS, 2023 WL 2699972 (N.D. Cal. Mar. 29, 2023) ......................................... 5

*Shin v. ICON Found.*, No. 20-CV-07363-WHO, 2025 WL 672936 (N.D. Cal. Mar. 3, 2025)............... 11

*Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734 (9th Cir. 2016) ........................................................ 6

*T.G. v. Kern Cnty.*, No. 1:18-cv-0257 JLT, 2020 WL 3035199 (E.D. Cal. June 5, 2020) ........................ 7

*Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152 (9th Cir. 2018)............................................................ 5

**Statutes**

28 U.S.C. § 1920............................................................................................................................ 10

42 U.S.C. § 12205 .................................................................................................................. 1, 4, 10

**Rules**

Fed. R. Civ. P. 54(d)(1)............................................................................................................... 10

**Regulations**

49 C.F.R. § 595.8(a)....................................................................................................................... 3

49 C.F.R. § 595.8(d) ...................................................................................................................... 3

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 21, 2026 at 9:00 a.m., or as soon thereafter as can be heard, Plaintiffs Carina Ho and Christina Mills ("Plaintiffs") will and hereby do move the Court for an award of $630,000 in attorneys' fees, expenses, and costs in accordance with the terms of the Proposed Class Settlement Agreement (ECF No. 73-5 ("Agreement")), which the Court preliminarily approved by Order dated May 1, 2026 (ECF No. 99 ("Order Granting Prelim. Approval")).  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed declaration and exhibits, all pleadings and papers on file in this action, and any oral argument that may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs filed this class action in February 2024 alleging that Defendants The Hertz Corporation, Hertz Global Holdings, Inc., and Rental Car Intermediate Holdings, LLC (collectively "Hertz" or "Defendants") discriminate against Plaintiffs and other potential Hertz customers who need hand controls to operate a rental vehicle, in violation of federal and state law.  ECF No. 1.

After completing full fact discovery, disclosing expert reports, participating in three settlement conferences before Magistrate Judge Joseph C. Spero, and exchanging several drafts of a written agreement with Defendants, Plaintiffs obtained an excellent settlement that requires Hertz to make nationwide changes to its policies and practices.  *See* Decl. Meredith J. Weaver Supp. Pls.' Mot. Fees & Costs ("Weaver Fee Decl.") ¶ 11; Agreement § III.  Among other things, the settlement will expand access to Hertz's fleet for potential Hertz Customers with disabilities who need Hand Controls to drive a rental vehicle and will ensure that Settlement Class members receive the same prices that are available to its customers who do not require Hand Controls.[1]  Agreement § III.B.4.d.  Plaintiffs now move for an award of $630,000 for their reasonable attorneys' fees, costs, and litigation expenses as the prevailing parties under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, and in accordance with section VI of the Agreement.

---

[1] All capitalized terms are defined in the Proposed Class Settlement Agreement.  *See* ECF No. 73-5 ("Agreement") § II.

The requested attorneys' fees, costs, and expenses are reasonable and justified in light of Plaintiffs' counsel's documented lodestar and out-of-pocket costs and expenses. As of May 22, 2026, Plaintiffs' counsel, Disability Rights Advocates ("DRA" or "Class Counsel"), had incurred $96,021.18 in costs and expenses and its lodestar was $783,028.00. Weaver Fee Decl. ¶¶ 70, 76 & Ex. 3 (DRA Fee and Cost Summary). This lodestar is based on a reasonable number of hours—including significant reduction in the exercise of billing judgment—billed at reasonable rates. Class Counsel's standard rates have been approved by federal courts throughout California and are well within the range of market rates charged by attorneys with similar skill and experience performing complex litigation in the Bay Area market and approved by courts in this District. Furthermore, Plaintiffs' requested costs and expenses were reasonably incurred for the Settlement Class's benefit. Plaintiffs therefore respectfully request that the Court award them $630,000 for their attorneys' fees, costs, and expenses for all work performed from the inception of this matter through the Term of the Agreement.

## II.    RELEVANT BACKGROUND

The substantive terms of injunctive relief provided in the Agreement and a discussion of the considerable benefits the Agreement confers on the Settlement Class are set forth in greater detail in Plaintiffs' Motion for Preliminary Approval. *See* ECF No. 73 ("Mot. Prelim. Approval") §§ II & III. Consistent with the Northern District's *Procedural Guidance for Class Action Settlements*, Plaintiffs do not repeat such details here and include only the relevant history of this case.

### A.    The Parties Completed Full Fact Discovery and Disclosure of Experts Prior to Reaching the Agreement.

While Plaintiffs made concerted efforts to decrease litigation costs—including via a pre-litigation demand letter, an early proposal to streamline litigation to address the core disputed issue in the case with minimal discovery, and proposed stipulation to class certification—Defendants rejected all suggested methods of narrowing issues and otherwise streamlining this matter. Weaver Fee Decl. ¶ 3. Plaintiffs were thus required to engage in extensive fact and expert discovery in order to address the complex and unprecedented legal issues presented in this case.

The key legal disputes in this case were (1) whether providing hand controls in a limited set of the vehicle categories Hertz offers violates the ADA; and (2) whether Plaintiffs' requested relief—which

would require Hertz to temporarily disengage knee bolster air bags ("KBAs") where necessary to install hand controls—is a reasonable modification of Hertz's policy, practice, or procedure that would not "fundamentally alter" the rental services that Hertz provides. The legal dispute as to Plaintiffs' requested relief would be a matter of first impression since the Department of Transportation's National Highway Traffic Safety Administration revised its regulations in March 2022 to make clear that car rental companies *may* disable KBAs for the purpose of installing hand controls for renters with disabilities. *See* 49 C.F.R. § 595.8(a), (d). Not only was this legal issue a matter of first impression, but its resolution would require a fact-intensive analysis of extensive, dueling expert reports on several key factual issues. *See* Mot. Prelim. Approval § V.B.3.

The parties engaged in thorough and contentious discovery practice for well over a year. Weaver Fee Decl. ¶ 4. Plaintiffs propounded and responded to requests for production, requests for admission, and interrogatories and addressed various related disputes with Defendants; reviewed thousands of documents produced by Hertz; deposed two individuals designated to testify on Hertz's behalf pursuant to Federal Rule of Civil Procedure 30(b)(6); and deposed a third-party individual employed by Hertz's hand control vendor. *Id*. ¶¶ 5–6. Hertz also deposed each of the named plaintiffs. *Id*. ¶ 6.

In addition, Class Counsel conducted outreach to hand control users and collected information from dozens of respondents who have rented or tried to rent vehicles from Hertz. *Id*. ¶ 7. Plaintiffs prepared a motion for class certification including ten declarations from non-party hand control users. *Id*. ¶ 8; *see, e.g.*, ECF Nos. 74–81. At the time this Court granted the parties' request to stay litigation, Plaintiffs had defended the depositions of four of those declarants and were in the process of preparing the remaining six individuals for depositions noticed by Hertz. Weaver Fee Decl. ¶ 8. Plaintiffs' motion for class certification would have been due two weeks after the Court stayed litigation. *Id.*

Plaintiffs also retained experts to prepare reports on: (1) the feasibility of and any safety risks associated with disabling and re-enabling KBAs in order to install left-side hand controls; (2) the general process of driver rehabilitation for people with disabilities, including why people use particular types of hand controls; (3) disparities in pricing of the cheapest vehicle(s) with hand controls as compared to the cheapest vehicle(s) without hand controls at Hertz airport rental locations; and (4) the lack of any statistically significant benefits from KBAs and the potential of KBAs to increase the likelihood of

certain injuries. *Id*. ¶ 9. When litigation was stayed in this action, Class Counsel was in the process of working with their experts to prepare rebuttal reports to the two experts disclosed by Hertz. *Id*. ¶ 10.

**B.    Resolution Required Extensive Negotiations Facilitated by Magistrate Judge Spero.**

As the parties indicated during the Initial Case Management Conference, discovery regarding the reasonableness of Plaintiffs' requested modification and any applicable defenses thereto was necessary to position the parties to negotiate a resolution. *See* ECF No. 34 at 10. Thus, after completing fact discovery and exchanging expert reports, the parties entered settlement discussions with the assistance of Magistrate Judge Spero. Weaver Fee Decl. ¶ 11.

Magistrate Judge Spero held a total of three settlement conferences with the parties on August 12, 2025; October 14, 2025; and February 17, 2026. ECF Nos. 60, 63, 72. During these conferences, the parties worked through more difficult settlement terms; and between settlement conferences, the parties negotiated language to implement their settlement conference agreements and other necessary provisions. Weaver Fee Decl. ¶ 11. Plaintiffs expended significant time preparing for and engaging in these adversarial negotiations with Defendants, but ultimately obtained an excellent settlement that requires Hertz to make nationwide changes to its policies and practices that will expand access to Hertz's rental vehicles for all potential Hertz Customers with disabilities who need Hand Controls to drive a rental vehicle. *Id*. ¶ 12.

**III.    ARGUMENT**

Plaintiffs' requested amount of attorneys' fees, expenses, and costs is reasonable and should be approved because (1) upon Final Approval, Plaintiffs will be prevailing parties for the purpose of the ADA's fee-shifting mechanism; (2) the agreed-upon award of $630,000 in attorneys' fees and costs through the Term of the Agreement is significantly less than Plaintiffs' current lodestar, which is based on reasonable rates and reasonable hours; and (3) the types of litigation expenses and costs requested by Plaintiffs are properly recoverable.

**A.    As the Prevailing Parties, Plaintiffs are Entitled to Fees, Expenses, and Costs.**

Prevailing parties in cases brought pursuant to the ADA are entitled to their attorney fees, expenses, and costs. 42 U.S.C. § 12205. "A party that obtains a judicially enforceable settlement agreement that provides some of the relief sought is a 'prevailing party' for purposes of fee-shifting

statutes." *Nevarez v. Forty Niners Football Co.*, 474 F. Supp. 3d 1041, 1049 (N.D. Cal. 2020) (citing *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010)).  Here, the parties have entered a legally enforceable settlement agreement that fully resolves the claims in the case and provides the Settlement Class with substantial relief sought in the Complaint, including expansion of hand control availability and revision of Hertz's policies and practices to ensure that people with disabilities who need Hand Controls can rent vehicles with Hand Controls for the same rates available to customers who do not need such Controls.  Agreement § III.  The Agreement will remain enforceable by this Court under its continuing jurisdiction.  *Id.* § V.  Thus, upon Final Approval, Plaintiffs will have "prevailed" in this action for purposes of this motion by achieving "actual relief on the merits of [their] claim" that is legally enforceable.  *Chapman v. NJ Props. Inc.*, No. 5:16-cv-02893-EJD, 2019 WL 3718585, at *2 (N.D. Cal. Aug. 7, 2019) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)).  Because there are no special circumstances rendering an award of fees and costs unjust, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs.

**B.      The Award Requested is Reasonable in Light of the Lodestar Analysis.**

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement . . . courts have an independent obligation to ensure that the award . . . is reasonable, even if the parties have already agreed to an amount." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608 JCS, 2023 WL 2699972, at *17 (N.D. Cal. Mar. 29, 2023) (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)).  The lodestar method is the "guiding light" for determining appropriate fees in civil rights cases, including in disability rights cases under the ADA.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (citation omitted) (applying the lodestar method in a civil rights case); *see also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (applying the lodestar method in an ADA case).  To calculate the lodestar, courts multiply the number of hours reasonably expended by the reasonable hourly rates.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("[A] district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation.").  "[T]here is a strong

presumption that the lodestar amount represents a reasonable fee." *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016).

Class Counsel's lodestar as of May 22, 2026 was $783,028.00. Weaver Fee Decl. ¶ 70. The negotiated award of $600,000 for fees and costs through Final Approval (Agreement § VI) is approximately 76.6% of that lodestar. Weaver Fee Decl. ¶ 71. Even the full award of $630,000, which covers fees and costs through the Term of the Agreement (Agreement § VI), is only approximately 80.5% of Class Counsel's lodestar through May 22, 2026. Weaver Fee Decl. ¶ 71. The requested award of $630,000 is reasonable because (1) Class Counsel's lodestar is based on reasonable rates and a reasonable number of expended hours, and (2) it represents a reduction to the presumptively reasonable lodestar.

### 1.    Class Counsel's Lodestar is Based on Reasonable Rates.

Class Counsel is entitled to compensation at the prevailing market rates for attorneys of similar skill and experience conducting similar work in the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Reasonable attorneys' rates for civil rights class actions are based on a comparison extending "to all attorneys in the relevant community engaged in 'equally complex Federal litigation,' no matter the subject matter." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). The "relevant legal community" is the forum district for the action in which fees are sought. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). "[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Johnson v. Baird Lands, Inc.*, No. 18-cv-05365-VKD, 2020 WL 3833278, at *2 (N.D. Cal. July 8, 2020) (quoting *United Steelworkers of Am. v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990)).

Class Counsel's lodestar is based on the following 2025 hourly billing rates:

| Name | 2025 Rate | Graduation Year | Practice Years in 2025 |
|------|-----------|-----------------|------------------------|
| Shawna Parks | $1,075 | 1999 | 26 |
| Meredith J. Weaver | $715 | 2014 | 11 |
| Sean Betouliere | $690 | 2015 | 10 |
| Scott L. Gordon[2] | $665 | 2010 | 7 |
| Eliana Fisher | $410 | 2024 | 1 |

[2] Mr. Gordon graduated law school in 2010 but was first licensed in 2018.

| Name | 2025 Rate | Graduation Year | Practice Years in 2025 |
|---|---|---|---|
| Senior Paralegals | $300 | N/A | N/A |
| Paralegals | $280 | N/A | N/A |

Weaver Fee Decl. ¶ 61.  Use of Class Counsel's 2025 billing rates is reasonable because, in fee-shifting cases taken on contingency, compensation is delayed and counsel must assume the cost of litigation. *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1078 (N.D. Cal. 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 283–84 (1989)).

DRA set these rates based on each attorney's years of legal experience, taking into account their expertise in complex disability rights class action litigation, market rates of private firms, and fee orders for similar work.  Weaver Fee Decl. ¶ 59.  Class Counsel are highly experienced litigators in the field of complex disability rights class action litigation.  *See id*. ¶¶ 15, 17, 20–53.  DRA has successfully litigated hundreds of disability rights class action cases.  *See id*. ¶¶ 15 & 17.  In recognition of this skill and expertise, U.S. District Courts in California have routinely approved Class Counsel's standard rates as reasonable.  *See, e.g.*, *Curran v. City of Oakland*, No. 23-CV-02354-RS, 2025 WL 3485360, at *6 (N.D. Cal. Dec. 4, 2025) (approving DRA's standard 2025 rates, including $1,005 for a 1998 graduate, $565 for a 2019 graduate, $425 for a 2023 graduate, and $280 for paralegals); *Bloom v. City of San Diego*, No. 17-cv-02324, 2024 WL 4495512, at *6–8 (S.D. Cal. Oct. 15, 2024) (approving DRA's 2024 rates); *Senior & Disability Action v. S.F. Bay Area Rapid Transit Dist.*, No. 3:17-cv-01976-LB, Dkt. No. 156 at 4–6 (N.D. Cal. Apr. 18, 2024) (approving DRA's 2022 rates); *McCullough v. Cal. Dep't of Developmental Servs.*, No. 3:20-cv-2958-SI, Dkt. No. 123 at 5–7 (N.D. Cal. Sept. 18, 2023) (approving DRA's 2022 rates); *Navarro v. City of Mountain View*, No. 5:21-cv-05381-NC, Dkt. No. 137 at 5–7 (N.D. Cal. Feb. 28, 2023) (approving DRA's 2022 rates); *T.G. v. Kern Cnty.*, No. 1:18-cv-0257 JLT, 2020 WL 3035199, at *22 (E.D. Cal. June 5, 2020) (approving DRA's standard 2020 rates, despite lower market rates in the Eastern District); *Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC*, No. 18-cv-06012-JSW, 2020 WL 10505223, at *2 (N.D. Cal. May 22, 2020) (approving DRA's 2020 rates).

Furthermore, Class Counsel's standard hourly rates are in line with those charged by other lawyers of similar skill, experience, and reputation in the prevailing market.  This is supported by the Declaration of Barrett S. Litt, which was recently submitted in support of a contested motion for fees in

a matter that DRA is currently litigating in the Central District of California.  Declaration of Barrett S. Litt, *Guerra v. West Los Angeles College*, No. 16-cv-6796-MWF (KSx) (C.D. Cal. July 29, 2024), ECF No. 312-45 ("Litt Decl.") (attached as Exhibit 1 to the Declaration of Meredith J. Weaver filed herewith).  Mr. Litt is recognized as an expert on court-awarded attorneys' fees, particularly in civil rights cases such as this one.  Litt Decl. ¶¶ 2–14.  In determining that DRA's 2026 rates for various attorneys are reasonable[3], Mr. Litt analyzed comparable civil rights lodestar awards, civil rights lodestar crosschecks, and commercial rates for complex litigation and used a conservative inflation factor[4] to show what each historical comparator rate would be equivalent to in 2025 adjusted for the passage of time.  Litt Decl. ¶¶ 15, 18–25, 28–51.  The comparators identified by Mr. Litt also support the 2025 rates that DRA uses for its lodestar analysis here:

- Shawna Parks' rate of $1,075 is supported by comparable adjusted rates from this District for attorneys with approximately 23–26 years of experience, which are all north of $1,200.  *See* Litt Decl. ¶ 30 (Northern District of California comparators highlighted yellow).

- Meredith Weaver's rate of $715 and Sean Betouliere's rate of $690 are supported by comparable adjusted rates from this District for attorneys with approximately 10 years of experience.  *See id*. ¶ 41 (showing comparable adjusted rates above $900 for attorneys with 9 to 10 years of experience).

- Scott Gordon's rate of $665 is supported by comparable adjusted rates from this District for attorneys with approximately 7 years of experience.  *See id*. (showing comparable adjusted rates above $850 for attorneys with 6 to 7 years of experience).

- Eliana Fisher's 2025 rate of $410 is supported by comparable adjusted rates for newer attorneys.  *See id*. ¶ 42 (showing comparable adjusted rates above $600 for attorneys with two years of experience).

---

[3] While this determination was made in connection with a case litigated in Los Angeles, Mr. Litt notes that rates in the Los Angeles and Bay Area markets are comparable and includes many comparator rates from cases in the Northern District.  Litt Decl. ¶ 25.

[4] Mr. Litt explains in detail his process for determining the applicable inflation factor.  Litt Decl. ¶¶ 18–25.

- DRA's paralegal rates are well below the comparable adjusted rates presented by Mr. Litt. *See id.* ¶ 43.

Accordingly, the rates used to determine Class Counsel's lodestar, as reflected in the table above, are reasonable.

### 2. Class Counsel's Lodestar is Based on a Reasonable Number of Hours.

Prevailing plaintiffs are entitled to be compensated for "every item of service" that a reasonable lawyer would have performed to protect the client's interest. *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (citation omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that attorneys who obtain excellent results in the public interest "should recover a fully compensatory fee" normally "encompass[ing] all hours reasonably expended on the litigation"). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time [they were] required to spend on the case." *Moreno*, 534 F.3d at 1112.

The hours Class Counsel has spent on this case through May 22, 2026 were reasonably expended in obtaining an outstanding result for the Settlement Class. While the parties were able to reach a settlement agreement without motion practice, this matter nevertheless demanded significant time and resources from Class Counsel to develop the class claims, conduct extensive fact and expert discovery, prepare a class certification motion that would have been due imminently had the Court not stayed litigation, negotiate the Agreement, and seek approval thereof. *See supra* Section II. Given the necessary work required to reach the robust Agreement before the Court, Class Counsel has expended a total of 1,458.2 hours on this action through May 22, 2026. Weaver Fee Decl. ¶ 70 & Ex. 3. However, in an exercise of billing judgment, Plaintiffs have affirmatively omitted 178.2 of those hours from their lodestar. *Id.*

### a. Class Counsel Has Exercised Substantial Billing Judgment.

In preparing their lodestar, Class Counsel has omitted and does not seek fees for attorneys who billed fewer than ten hours on the case. Weaver Fee Decl. ¶ 67. Furthermore, Class Counsel has reviewed their billing records in the case on an line-by-line basis to exercise billing judgment. *Id.* These discretionary actions resulted in a billing reduction of 178.2 hours (12.2% of all hours billed) and $95,619.50 in fees (10.9% of all fees incurred). *Id.* ¶ 70. This reduction is more than sufficient to

address any inadvertent inclusion of clerical time and other billing errors. *See Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (finding that a five percent reduction in the total number of hours "more than compensated" for billing errors, "rendering a further reduction in the lodestar amount unnecessary"), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Plaintiffs' lodestar is thus based on 1,280 hours of billed work to-date and does not include any additional work that will be necessary through the Term of the Agreement, which Plaintiffs estimate will require an additional 100 hours of work to review Hertz's quarterly reporting, meet and confer regarding any implementation issues, regularly update the class representatives, and address any class member questions or concerns that may arise. *See* Weaver Fee Decl. ¶¶ 70, 72.[5]

Given the work that was required by this case and Class Counsel's exercise of billing judgment in preparing the lodestar, the number of hours included in Plaintiffs' lodestar for this matter is reasonable. That lodestar is further justified given the omission of all future hours that will be worked through the Term of the Agreement. Finally, the outstanding result that Plaintiffs achieved on behalf of the Settlement Class underscores the reasonableness of Plaintiffs' requested lodestar. *See* Order Granting Prelim. Approval at 10 (finding "the actions required by the Agreement will provide significant benefits to the Settlement Class").

### C.    Plaintiffs' Costs and Expenses are Recoverable and Reasonable.

As prevailing parties, Plaintiffs are entitled to recover costs and out-of-pocket expenses. Fed. R. Civ. P. 54(d)(1) (providing for award of taxable costs to prevailing party); *see also* 42 U.S.C. § 12205 (providing for award of litigation expenses and costs for claims brought under the ADA). Plaintiffs' litigation expenses and costs of $96,021.18—including filing fees, costs associated with chambers copies, process service and witness fees, court reporting fees, expert fees, and fees incurred in order to conduct class outreach—were reasonably and necessarily incurred for the prosecution and successful settlement of this action. Weaver Fee Decl. ¶¶ 75–76. These types of costs and litigation expenses are properly recoverable. *See* 28 U.S.C. § 1920 (listing recoverable costs); *see also Lovell v. Chandler*, 303

---

[5] Were *all* of this monitoring work to be completed by the most junior attorney on this case, Ms. Fisher, at her 2025 billing rate of $410, the estimated fees would be approximately $41,000—which is well above the negotiated monitoring fee amount of $30,000. Weaver Fee Decl. ¶ 72.

F.3d 1039, 1058–59 (9th Cir. 2002) (expert witness fees); *Rodgers v. Fitzgerald*, No. 14-cv-00985-DMR, 2016 WL 4658974, at *7 (N.D. Cal. Sept. 7, 2016) (awarding filing fees in ADA case); *Shin v. ICON Found.*, No. 20-CV-07363-WHO, 2025 WL 672936, at *5 (N.D. Cal. Mar. 3, 2025) (noting that typical expenses charged to fee-paying clients can include photocopies, postage, filing fees, messenger and overnight delivery and that "the standard of reasonableness of costs is to be given a liberal interpretation").

Plaintiffs' litigation expenses and costs of $96,021.18 were reasonably incurred. Weaver Fee Decl. ¶ 76. While the negotiated amount of $630,000 is already a significant reduction from the presumptively reasonable lodestar, as discussed above, it also encompasses Plaintiffs' litigation expenses and costs, which underscores its reasonableness.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) find that an award of Plaintiffs' attorneys' fees and costs in the amount of $630,000 for all fees, expenses, and costs through the Term of the Agreement is fair and reasonable; and (2) order Defendants to submit payment in the amount of $630,000 to Class Counsel within 31 days of the Effective Date.

DATED:  May 29, 2026                    Respectfully submitted,

                                        DISABILITY RIGHTS ADVOCATES


                                        By: ⟨signature⟩ Eliana Fisher
                                            Eliana Fisher

                                            *Attorneys for Plaintiffs*