# EXHIBIT 1

AUTUMN M. ELLIOTT (California State Bar No. 230043)
Email: autumn@elliottimpact.com
LAW OFFICE OF AUTUMN ELLIOTT
325 North Larchmont Boulevard, Suite 307
Los Angeles, California 90004
Telephone: (213) 500-9454

ALEXANDRA M. ROBERTSON (California State Bar No. 298637)
Email: alexandra.robertson@disabilityrightsca.org
S. LYNN MARTINEZ (California State Bar No. 164406)
Email: lynn.martinez@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
888 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 213-8000
Facsimile: (213) 213-8001

Attorneys for Plaintiffs
(Additional Counsel Listed on Next Page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY GUERRA, ESTATE OF CHRYSTAL, and KARLTON BONTRAGER, <br><br> Plaintiffs, <br><br> v. <br><br> WEST LOS ANGELES COLLEGE and LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendants. | ) Case No.: 2:16-cv-06796-MWF-KS <br> ) <br> ) **DECLARATION OF BARRETT S.** <br> ) **LITT IN SUPPORT OF PLAINTIFFS'** <br> ) **MOTION FOR ATTORNEYS' FEES** <br> ) **AND COSTS** <br> ) <br> ) Date: April 27, 2026 <br> ) Time: 10:00 a.m. <br> ) Courtroom: 5A <br> ) Judge: Hon. Michael W. Fitzgerald <br> ) <br> ) [*Filed Concurrently With Notice of* <br> ) *Motion, Memorandum of Points and* <br> ) *Authorities, Declarations in Support* <br> ) *Thereof, and Proposed Order*] <br> ) <br> ) Action Filed: September 9, 2016 |

Additional Counsel Continued From Previous Page:

AARON J. FISCHER (California State Bar No. 247391)
Email: ajf@aaronfischerlaw.com
LAW OFFICE OF AARON J. FISCHER
1400 Shattuck Avenue, Suite 12-#344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314

SHAWNA PARKS (California State Bar No. 208301)
Email: sparks@dralegal.org
AMELIA EVARD (California State Bar No. 341940)
Email: aevard@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 3rd Floor
Berkeley, California 94704
Telephone: (510) 665-8644

ERIN GALLAGHER (*Pro Hac Vice*)
Email: egallagher@dralegal.org
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, Suite 2619
New York, New York 10017
Telephone: (212) 644-8644
Facsimile: (212) 644-8636

Attorneys for Plaintiffs

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

## DECLARATION OF BARRETT S. LITT

I, BARRETT S. LITT, declare as follows:

1.  I am an attorney duly licensed to practice law in the State of California. This declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees. The facts set forth herein are within my personal knowledge or knowledge gained from review of the pertinent documents. If called upon, I could and would testify competently thereto.

## I.  BACKGROUND AND CIVIL RIGHTS/ATTORNEY FEE EXPERTISE

2.  Since 1984, I have been the principal or senior partner in firms that operate for the specific purpose of developing and maintaining a civil rights and public interest law practice that operates in the private sector on the basis of self-generated fee awards and other recoveries. Since January 1, 2013, I have been a partner in the law firm of Kaye, McLane, Bednarski & Litt (referred to at times as "KMBL"), which, since the departure of Ronald Kaye to the Los Angeles Superior Court bench, is now McLane, Bednarski & Litt ("MBL"). Between September 2010 and December 31, 2012, I was a partner in the law firm of Litt, Estuar, and Kitson, which still operates to some extent as an independent firm to complete certain old cases. From July 2004 to September 2010, I was a partner in the law firm of Litt, Estuar, Harrison, and Kitson. From 1998 to July 2004, I was the principal in the law firm of Litt & Associates, Inc. From September 1, 1991 to May 1, 1997, when my then partner left the law firm to become Deputy General Counsel for Civil Rights at the federal Department of Housing and Urban Development, I was a partner at the firm of Litt & Marquez. For the seven years prior to that, I was a partner in the firm of Litt & Stormer, Inc. In all of these firms, the principal focus of the firm, and my sole focus, was civil rights litigation.

3.  I graduated from the University of California at Berkeley in 1966 and from UCLA School of Law in 1969. For the first approximately ten years of my practice, I focused primarily in the area of criminal defense at the trial and

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

appellate levels, mostly in federal courts. In that capacity, I handled hundreds of matters ranging from immigration offenses to murders, tried many cases, and handled numerous appeals. Since 1981, I have focused primarily on complex civil litigation in the areas of constitutional law, civil rights law, class action litigation, and complex multi-party litigation.

4.    My former firm, Litt & Stormer, received the Pro Bono Firm of the Year Award from Public Counsel in 1987 in recognition of its public interest and civil rights work. Litt & Marquez received an award from the NAACP Legal Defense Fund in July, 1992, as civil rights firm of the year in recognition of its civil rights work. I received an award from UCLA School of Law as its public interest alumnus of the year in 1995 and received a CLAY award for my work in *Goldstein v. City of Long Beach et al.*, along with my co-counsel in the case, described *infra*.

5.    I have both spoken and written on the subject of civil rights training. I published an article entitled "Class Certification in Police/Law Enforcement Cases" in Civil Rights Litigation and Attorney's Fee Annual Handbook, Vol. 18, Ch. 3 (West Publishing 2002) and one for the National Police Accountability Project titled "Select Substantive Issues Regarding Class Action Litigation In The Jail/Prison Setting," National Police Accountability Project, October 2006. I published an article in the Los Angeles Lawyer magazine regarding the use of minimum statutory damages under the Unruh Act, particularly actions brought under Civil Code §52.1, to enhance the prospects for certifying class actions. See "Rights for Wrongs," Los Angeles Lawyer, December 2005. In 2010, I published an article in West's Civil Rights Litigation and Attorney's Fee Annual Handbook entitled, "Obtaining Class Attorney's Fees." I am rated "AV" by Martindale-Hubbell. I am, and have been for many years, listed in Super Lawyers Southern California in the fields of civil rights and class actions. I am listed in Best Lawyers in America.

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

6.      I am considered an expert in, among other things, attorneys' fees in civil rights and public interest cases. I have frequently trained attorneys regarding obtaining and properly documenting statutory attorneys' fee awards. I have filed declarations on numerous occasions expressing expert opinions on the appropriate standards for awards of attorneys' fees in civil rights cases, which have been accepted by the courts.

7.      In 2007, I testified as an attorney's fee expert in a civil rights case on behalf of plaintiffs represented by a major law firm in Los Angeles. The case had a confidential settlement, with fees to be arbitrated by a former superior court judge now at JAMS. Because the settlement and arbitration were confidential, I am not at liberty to identify the issues, parties, firms or retired judge involved. However, there was a defense fee expert in that case who described me as "a prominent Los Angeles civil rights litigator experienced in fee issues arising from public interest litigation." The arbitrator described my testimony as "credible and reliable," and described me as having "had a wide exposure to fees at a number of major firms in Los Angeles doing complex civil litigation." The arbitrator awarded the rates that plaintiffs had requested, whose rates my declaration had supported.

8.      I have also on occasion represented other attorneys in their fee litigation seeking statutory attorneys' fees.

9.      I litigate a wide range of civil rights cases, including police and jail abuse, wrongful conviction, housing and employment and other discrimination, and violation of a wide range of constitutional rights. To give some sense of my experience, I mention here the largest damages civil rights cases in which I have been the - or one of the - lead counsel:

> *Amador v. Baca*, No.: 10-1649 SVW (RC) (C.D. Calif) (certified class action challenging manner of searches of women inmates in outside bus bay; estimated number of class members is an estimated 94,000; 23 (b) (2) and (b) (3) classes certified; summary judgment on

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

liability granted to Plaintiffs; $53 Million settlement; final approval granted August 2019);

➢ *Herrera v. County of Los Angeles,* 2:22-cv-01013-FWS-PDx C.D. Calif.) (class action for damages against County of Los Angeles for conditions in LA County juvenile halls; $30 Million settlement pending, which has been approved by the Board of Supervisors and for which a motion for preliminary approval has been granted; final approval hearing set for February 2026);

➢ *Williams v. Block*, Case No. CV97-03826 CW (C.D. Cal.) and related cases (a series of cases against county jail over detention and strip search, settled for $27 Million and a complete revamp of jail procedure);

➢ *Craft v. County of San Bernardino*, EDCV05-0359 SGL (C.D. Calif.) (reported at 2008 U.S.Dist. LEXIS 27526) (certified class action against the Sheriff of San Bernardino County for blanket strip searches of detainees, arrestees, and persons ordered released from custody; partial summary judgment decided for plaintiffs; $25.5 Million settlement plus injunctive relief in 2008);

➢ *McClure v. City of Long Beach* (fair housing case against City of Long Beach for preventing six group homes for the handicapped from opening; jury verdict of $22.5 Million before multi-million dollar remittitur (exclusive of attorneys' fees) rendered 8/04/04; case settled for $20 Million);

➢ *Craig Coley v. City of Simi Valley* (wrongful conviction case of man imprisoned for 39 years for crime he did not commit; settled pre-filing for $21 Million; case handled jointly with Neufeld, Scheck & Brustin, who are based in New York);

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

> *Andrew Wilson v. City of Los Angeles et al. and County of Los Angeles*, Case No.: No. 2:18-CV-05775 KS (C.D. Cal.) (wrongful conviction case for suggestive identification, police fabrication of evidence and failure to turn over exculpatory information, resulting in murder conviction; plaintiff sentenced to life with possibility of parole and spent 32 years in prison before his habeas petition was granted, and he was not re-tried; partial summary judgment granted Plaintiff against City defendants; County case settled for $1.5 Million; City case settled for $14 Million; total settlement $15.5 Million);

> *Roy v. County of Los Angeles,* Case No. CV 12-09012 (FFMx) (class action on behalf of Los Angeles Sheriff's Department prisoners held on ICE holds past their release dates or denied bail on the basis of an ICE hold; $14 Million settlement preliminary approved; final approval pending with indication from the Court that an order approving the settlement would be forthcoming)

> *MIWON v. City of Los Angeles*, Case No.: CV07-3072 AHM (FMMx) (class action on behalf of demonstrators attacked by LAPD in MacArthur Park on May 1, 2007; settled in 2009 for $12.75 Million plus injunctive relief);

> *Nozzi v. Housing Authority of the City of Los Angeles*, Case No. CV 07-00380 PA (FFMx) (settlement of estimated $9.25 Million for failing to provide proper mandated notice prior to subsidy reduction to Section 8 Housing Choice Voucher Program holders);

> *O'Connell v. County of Los Angeles,* Case No. 13-CV-01905 MWF (PJWx) ($15 Million settlement in wrongful conviction case);

> *Goldstein v. City of Long Beach*, et al., Case No. CV04-9692 AHM (Ex) (C.D. Cal.) (wrongful conviction case against Long Beach

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

Police Department based on violation of *Brady v. Maryland* for man imprisoned for 24 years; $7.95 Million settlement in August 2010);

10.    My full public interest and civil rights experience is contained in my curriculum vitae, attached as Exhibit A.

11.    My qualifications have been noted by various courts or opposing experts. Following are a few examples:

a. In a 2011 Los Angeles Superior Court case where I submitted a declaration in support of a fee motion, Judge Gregory W. Alarcon described me and another attorney as "acknowledged experts in attorney fees . . . ." *Molina v. Lexmark International Inc.*, LA Super. Ct. No. BC339177, Order Granting Plaintiff's Motion for Attorney's Fees and Costs in the Amount of $5,772,008.07, filed Oct. 28, 2011 at 4.

b. Central District Judge Consuelo Marshall, in the fee decision in *Rodriguez et al. v. County of Los Angeles et al.*, CV 10-6342-CBM (AJWx) (12/27/2014), found that "Barrett S. Litt, who served predominantly in a consulting role on this case, is considered one of the leading civil rights attorneys in the country." See also Judge Marshall's comments in *Gamino v. County of Ventura*, Case No. CV02-9785 CBM (Ex) ("Mr. Litt is widely known as one of the foremost civil rights attorneys in California, having a particular expertise in civil rights class actions and other complex multi-party civil rights cases, especially law enforcement class actions").

c. Kenneth Moscaret, a well-known defense fee auditor, has stated in a declaration where he addressed my qualifications that I had "an outstanding background and reputation in civil rights/constitutional litigation in Los Angeles", that I was "one of the top litigators in [my] field" and that he believed that my "skill, experience, and reputation

8

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

in his field are deserving of a premium rate" (although he thought a premium rate was lower than I do).

    d. Magistrate Judge Carla Woehrle, in awarding attorneys' fees in *Williams v. Block, supra,* commented that I am "considered one of the outstanding civil rights litigators in California . . ."

    e. United States District Court Judge Stephen Larson, in awarding attorneys' fees in *Craft v. County of San Bernardino, supra,* commented that "Plaintiffs' counsel are experienced civil rights litigators who are at the top of their field of expertise – civil rights litigation with special expertise in civil rights class actions."

12. I have been listed by Super Lawyers in the area of civil rights on numerous occasions. I am listed in Best Lawyers in America in the area of civil rights.

13. As my case list demonstrates, I have been involved with, and successful in, a wide range of public interest and civil rights cases, and have regularly brought fee motions under numerous federal and state fee shifting provisions. I also frequently provide fee declarations in support of fee applications by other attorneys in civil rights cases, which have been cited in fee orders regarding the City of Los Angeles and other municipalities to support fees that are in line with those that counsel for Plaintiffs are seeking in this case. *See, e.g., Rauda v. City of Los Angeles,* CV08-3128 CAS (PJW), Fee Order dated 12/20/2010, p.10 ("With respect to the reasonableness of the fees requested, the Court finds that plaintiffs have sufficiently documented the fees requested. It further concludes, and is satisfied based on the declarations of Barrett S. Litt and Carol A. Sobel in support of plaintiffs' motion that the hourly rates requested by plaintiffs are consistent with those in the relevant legal community for individuals having the stature of plaintiffs' counsel."); *Lauderdale v. City of Long Beach,* No. CV 08-979 ABC (JWJx), Fee Order dated 1/11/2010, p.11 ("Barrett S. Litt,

another experienced civil rights litigator, also testified that the rates are in line with the Southern California market, his own experience, and fee awards in similar cases.").

14.     I regularly review a variety of material to keep abreast of rates charged and awarded for litigation in Southern California. I do this in a variety of ways, including contacting firms to provide (on either a public or confidential basis) current rate information, speaking with other attorneys familiar with litigation rates, reviewing court filings and cases regarding attorneys' fees (including both fee applications and fee awards), and obtaining other sources of fee information. I have also reviewed rates reported in Court Express for bankruptcy work by California law firms for the year 2009. My review of selected billing rate information has included, at various times, review of rates from various large law corporate firms. In particular, I collect a wide variety of civil rights awards (either lodestar awards or lodestar crosschecks in civil rights class action fee awards) and class action awards in consumer cases with lodestar crosschecks, the results of which are described further on in this declaration. This has included review of rates sought and awarded to Los-Angeles-area public interest firms such as my own firm (s); the ACLU; the Disability Rights Legal Center; Disability Rights Advocates; Public Counsel, Hadsell, Stormer et al.; the Law Offices of Carol Sobel; Schonbrun, Seplow et al., DeSimone et al.; and awards to various individual practitioners. In addition, to the extent I am able, I collect information regarding commercial rates; there are often reported decisions addressing fee awards in commercial cases, which I periodically review.

## II.     SOURCE MATERIALS RELIED ON FOR RATE OPINIONS

15.     The rate information on which I rely is broken into three tables, which are set out in Exhibit B, my table of adjusted rates, described as follows:

      a.  Table 1: *Civil Rights Lodestar Awards/Lodestar Crosschecks*. These are taken from reported attorney fee awards, or filed court orders, in

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

civil rights cases where there was either a direct lodestar award or a lodestar crosscheck against a percentage of the settlement or award fee;

b. Table 2: *Consumer/Wage & Hour Class Action Lodestar Crosschecks*. This is self-explanatory and was taken from reported cases;

c. Table 3: *Commercial or Reported Standardized Rates Reflected in Select Attorney Fee Awards, Declarations or Reports*. These are a firm's standard rates reported either in a court filing, referred to in a court decision, provided to counsel, or contained in the 2009 Court Express summary of bankruptcy filings referred to previously. Given that civil rights litigation has been deemed complex under federal law and the Table 1 awards are for such litigation, it is reasonable to look to commercial litigation as a comparator despite the fact that in practice commercial rates are generally substantially higher than civil rights awards for similarly complex work.

16. In the tables that I include in this declaration, I provide the following information:

| Term | Description |
| --- | --- |
| Attorney | The name of the attorney awarded the rate listed or, for the commercial firms, their normal rates (or indicate if the individual identity is unknown). |
| Firm | The firm listed. |
| Pract Yrs | The years in practice at the time of the award or, if it could be clearly determined from the opinion or other available information, the years in practice when the fee application was made. In parentheses are the years of law school graduation. |
| Rate | The rate awarded in the case of awards, or normally charged for commercial firms. |

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Term | Description |
|------|-------------|
| Year | The year of the award or the year of the fee application if those rates were used. |
| Adjusted Rate | An adjustment to the fee award to compensate for the passage of time, the basis for which is described in ¶¶ 20-26 below. |

17.   The years of practice for an attorney are based on either information directly provided by the source or, where it was not so provided, by checking the attorney's website or the California State Bar Member Search. In some cases, the year of admission to the Bar may not be completely reliable because there may be reasons that an attorney's years of admission to the California State Bar are less than the years of practice. For example, an attorney may have practiced in another state before California or may have delayed admission while clerking for a judge or for some other reason. Where the attorney graduated from a California law school, it is likely that s/he graduated the same year as the Bar admission.

## III.   ADJUSTMENT FACTOR

18.   In this declaration, I use "Adjusted Rates" to compare the rates requested in this case to the historical rate data that I have presented. The "Adjusted Rate" is an inflation adjustment to show what a prior rate would be equivalent to in 2025 adjusted for the passage of time. The adjustment is based on the mean (numerical average) of the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor, which is reproduced by Dr. Michael Kavanaugh in his website for the "Updated Laffey Matrix." The "Updated Laffey Matrix" has been cited, and relied on, by the California Court of Appeal and federal courts.[1]

---

[1] *See e.g.*, *Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 702 (2014) (affirming trial court's rate determination which was "supported . . . by the adjusted *Laffey* Matrix"); *Tukes v. Richard*, 81 Cal. App. 5th 1, 17 (2022) (affirming reasonable fee determination where "[t]he rates that the trial court accepted were the same as those [anti-SLAPP

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

19.     I used an adjustment factor of 3.5% per annum, compounded. I reached this number by taking the average (mean) annual rate increase of the Legal Services CPI (as set out in the Updated Laffey Matrix) for the last 10 years and the past 31 years. For the past 10 years, the average (mean) annual fee increase was 3.785%; for the past 31 years, the average (mean) annual fee increase was 3.836%. Given that, between 2008 (the beginning of the Great Recession) and 2020 (before Covid related inflation set in), interest rates were unusually low by historical standards, it would have been reasonable to use just the last 10 years to measure the inflation factor (an inflation factor of 3.785%). *See* http://www.laffeymatrix.com/see.html. Nonetheless, I have used an annual adjustment of 3.5%, .3% under the more accurate past ten-year average. My purpose was to eliminate any meaningful question as to whether the applied adjustment factor is reasonable, and, if anything, meaningfully understates the rate increases that have occurred. That this is a reliable and conservative national figure is confirmed by the fact that the Bureau of Labor Statistics lists the CPI for legal services as having increased at a greater rate than the 3.5% I have used here.[2] (While there is a distinction between the BLS methodology and my methodology in that I compound interest, and the BLS does not, the BLS legal services inflation figure is still well above the 3.5% compounded interest I have used.)

20.     Other information indicates that the 3.5% inflation factor is an understatement of the increase in rates over the past several years in major metropolitan areas. The 3.5% adjustment is a national figure, and fees in urban

counsel's] declarant offered based on an adjusted *Laffey* Matrix calculation"); *Smith v. Dist. of Columbia*, 466 F. Supp. 2d 151, 155 (D.D.C. 2006) ("the use of the updated *Laffey* Matrix is reasonable and consistent with previous precedent from our Court of Appeals" and is "more accurate in that the calculation was based on increases/decreases in legal services rather than increase/decreases in the entire CPI").

[2] Bureau of Labor Statistics, PPI Industry Group Data for Legal Services, not seasonally adjusted, *available at* https://data.bls.gov/timeseries/PCU5411--5411--?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (accessed February 15, 2026).

13

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

large metropolitan areas, such as Los Angeles, have risen more rapidly. For example, the Wall Street Journal reported in April 2013, that, in "the first quarter of 2013, the 50 top-grossing U.S. law firms boosted their partner rates by as much as 5.7%, billing on average between $879 and $882 an hour" and that, in 2012, "legal fees in general rose 4.8% and associate billing rates rose by 7.4%, according to a coming report by TyMetrix Legal Analytics, a unit of Wolters Kluwer, and CEB, a research and advisory-services company. Those numbers are based on legal-spending data from more than 17,000 law firms." *See* Jennifer Smith, On Sale: the $1,150-Per-Hour-Lawyer, Wall St. J., Apr. 9, 2013, at http://www.wsj.com/articles. *See also* Forbes, July 7, 2016 ("According to data from CEB, the average hourly rate charged by major law firm partners nearly doubled since 2000"); law firm rates were expected to rise rates by 7 to 8% at the beginning of 2023, the largest figure in at least 15 years, according to Wells Fargo's Legal Specialty Group.[3] That occurred both in 2023 and again in 2024. According to the Thomson Reuters Institute's *Law Firm Rates in 2024* report, rate performance in 2024 through September 2024 was substantial. Am Law 100 law firms, for example, had growth in worked rates of 8.4% year-to-date (YTD). Both Am Law Second Hundred and Midsize law firms were similarly aggressive in their

---

[3] *See also, e.g.*, Hildebrandt Institute, *Top Law Firms Still Tops in Rates, Billable Hours* at 22, January 10, 2013, available at http://hildebrandtblog.com/2013/01/10/top-law-firms-still-tops-in-rates-billable-hours ("A survey from The National Law Journal (NLJ) (registration required) found that median partner rates were up 4.5 percent from 2011 to $517 an hour in 2012, and the median associate rate rose 3.5 percent to $323, with hourly rates ranging from $130 to $1,285 and a median hourly rate of $432. This gibes with the findings of the Major Lindsey & Africa (MLA) "Partner Compensation Survey 2012," which recorded an hourly rate range from $115 to $1,265 and an average partner billing rate of $584 (up from $555 in 2010)."); Bloomberg Law, *Rising Rates Are Law Firms' Salve Amid Layoffs, Pay Cuts*, January 19, 2023, available at https://www.abajournal.com/news/article/law-firms-plan-big-billing-rate-increases-even-as-discounts-and-write-offs-proliferate.

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

growth for the past two years. The 2024 quarterly results found Am Law Second Hundred and Midsize law firms at 5.9% and 5.6% growth in worked rates, respectively. https://www.thomsonreuters.com/en-us/posts/legal/law-firm-rates-report-2024. See also https://www.thomsonreuters.com/en/press-releases/2025/may/law-firms-rolled-out-aggressive-rate-growth-see-productivity-contract (5/5/2025 Thomson Reuter's Report that "the average law firm [grew] their worked rates by 7.3% compared to Q1 2024 levels."); https://www.linkedin.com/posts/valeo-partners_valeopartners-legalpricing-biglaw-activity-7343624017301438464--kvN (Valeo Partners predict large firm rates to rise in 2026 ("In 2025, average billed hourly rates from large law firms in the AmLaw 100 increased by 7%-11% for Partners and 10%-11% for Associates, depending on firm size and revenue tier. ¶ Looking ahead to 2026, we expect M&A, Antitrust, Patent Litigation, and Regulatory practice areas to drive rates even higher due to heightened demand."). Cumulatively, these reports demonstrate that attorney hourly billing rates have risen consistently and substantially over the past several years, well above 5% annually on average.

21.    The adjustment factor is important because it is not a valid comparison to take a fee from five years ago for, *e.g.*, a ten-year lawyer and compare it to a fee requested by a ten-year lawyer today because the five-year-old fee does not account for the change in rates in today's legal dollars and legal market. In other words, the adjustment factor is simply a measure of inflation in attorney rates and the present value of money. In the same way that one cannot rent a one-bedroom apartment in 2026 for the same monthly rate as a one-bedroom apartment in 2020, one cannot hire a ten-year attorney in 2026 for the same rate that was charged by a ten-year attorney in 2020.

22.    The adjustment factor is a tool to approximate what the current rate for an attorney of the same years of experience would be awarded now, as opposed to when the award was actually made. It is important to understand, when looking

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

at rates awarded to the same attorney in previous cases, that the adjustment factor does not account for increased experience or expertise. A five-year old award for a particular attorney must be adjusted for both inflation and increases and skill and experience because, in contingent fee cases, the attorney should be compensated based on their billing rate when they receive the fee, not when they earned it (since they did not receive the benefit of the fee when they earned it if actual payment was delayed). To illustrate the point, assume that attorney Jane Doe earned but did not receive a fee in 2020 when she was a ten-year attorney, but rather she received it in 2025 when she was a fifteen-year attorney. If I were to use Jane's rate when the work was done, my Adjusted Rate would only account for what a similar ten-year attorney would receive today. It does not account for the fact that Jane Doe is now a fifteen-year attorney with five more years' experience. Since both the U.S. and California Supreme Courts have authorized payment of current rates to account for delay in payment, a simple inflation adjustment will not adequately reflect the current rate, and compensate that attorney for the increased experience that went unpaid. Thus, it is to be expected that the current rate for attorneys who have received previous awards will be meaningfully above the adjusted rate based on an earlier award for that same attorney.

23.    I have spent the time explaining the adjustment factor used because, in analyzing the rates, the only way to compare rates from prior years to the current year rate requested by counsel is to neutralize the effect of inflation and market changes over time.

24.    Included in this Declaration are rates charged in commercial litigation. Such rates are apt and arguably more appropriate comparators than civil rights awards, given that some courts do not award rates in civil rights cases comparable to those charged in commercial litigation even though it is well established that civil rights rates were intended by Congress to be comparable to complex commercial litigation such as antitrust. *See, e.g., Craft v. Cnty. of San*

16

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

*Bernardino*, 624 F. Supp. 2d 1113, 1122-23 (C.D. Cal. 2008) ("declarations establish that the hourly rates set are similar to those for attorneys of comparable skill and experience at the rates paid for complex federal litigation, which was Congress' intent for civil rights cases. *See City of Riverside v. Rivera*, 477 U.S. 561, 575-576, 106 S.Ct. 2686 (1986) (quoting Senate Report, at 6, U.S. Code Cong. & Admin. News 1976, p. 5913, *supra*, (Congress intended civil rights fees to be comparable to that for 'other types of equally complex Federal litigation, such as antitrust cases')"). *See also, e.g.*, *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1120 (C.D. Cal. 2012) (rejecting argument that rates charged at "large, prestigious firms" are not valid rate comparators and noting that "the Supreme Court and Ninth Circuit have expressly endorsed comparisons to '*lawyers of reasonably comparable skill, experience, and reputation*' and have never required prevailing party's counsel to *also* prove that their *firm* is the same size or has the same level of prestige as that of comparator attorneys") (original emphasis).

25.    I have at times been asked why I do not use generic surveys to determine rates. The simple answer is that surveys do not provide the most useful information for the relevant market. I principally rely on actual awarded rates in civil right cases or class action lodestar cross checks in civil rights cases because these are awards in the actual market at issue – awards for plaintiff-side public interest civil rights cases in the major markets in California (Los Angeles and the Bay Area). *See PLCM Grp. v. Drexler (*2000) 22 Cal. 4th 1084, 1095 *(*"The reasonable hourly rate is that prevailing in the community for similar work."). The relevant community here is plaintiffs' public interest and civil rights lawyers in Los Angeles (and, because rates in Northern California are comparable, Bay Area public interest and civil rights awards as well). Surveys do not reflect that market.

/ / /

/ / /

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

## IV.   SUMMARY OF CASE AND CHALLENGES IT PRESENTED

26.   Plaintiffs' counsel have provided the following summary information regarding this case.

a. The three plaintiffs in this case – Charles Guerra, Chrystal, and Karlton Bontrager – brought this case in 2016 because Defendants West Los Angeles College ("WLAC") and the Los Angeles Community College District failed to take reasonable steps to provide access to students with mobility disabilities on the hilly WLAC community college campus. WLAC had previously provided an on-campus shuttle service that was used by Plaintiffs, and others with disabilities who had difficulty navigating the inclines and uneven terrain on campus, to access classes at WLAC. Defendants terminated that service in 2016.

b. After a motion for preliminary injunction; robust discovery, including expert discovery and depositions of witnesses designated by Defendants pursuant to FRCP 30(b)(6); and cross motions for summary judgment, the case was heard by the district court in a six-day trial.

c. After the Court found in Defendants' favor on all of Plaintiffs' claims under the Americans with Disabilities and related federal and state laws as well as on Mr. Guerra's negligence claims, Plaintiffs appealed to the Ninth Circuit. The Ninth Circuit reversed the district court's ruling as to Mr. Guerra and Ms. Chrystal, and remanded for further proceedings with respect to Mr. Bontrager.

d. Following Defendants' request for rehearing and rehearing on banc, which the Ninth Circuit denied, the case then returned to the district court. The parties submitted three rounds of briefing to the district court: (a) amended proposed findings of fact and conclusions of law

18

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

with briefing in support; (b) a second round of briefing to permit Plaintiffs to respond to an additional memorandum of contentions of law and fact submitted by Defendants arguing that Plaintiffs had not established a violation of the ADA; and (c) a joint filing regarding the facts pertaining to Mr. Bontrager's claims.

e. The Court ultimately ruled in all Plaintiffs' favor and ordered Defendants to provide an on-campus shuttle to Mr. Guerra and Mr. Bontrager so that they would have access to campus. (Ms. Chrystal died while the case was pending and before the Court ruled on injunctive relief.) In settlement, Defendants agreed to pay a total of $360,000 in damages to the three plaintiffs.

27. Based on the foregoing description, this was a heavily litigated case in which Plaintiffs were highly successful. I now turn to the requested rates for each attorney or group of attorneys.

## V.   COMPARABLE CIVIL RIGHTS FEE AWARDS

### A.   STUART SEABORN– 28 YEARS – $1250

28. My understanding is that Stuart Seaborn was involved in this case when he was Senior Litigation Counsel at Disability Rights California (DRC), as a solo practitioner, and at Disability Rights Advocates (DRA). Having worked with it in the past, I know that Disability Rights California is a leading organization on disability rights issues and litigation. Over the past 45 years, DRC attorneys have litigated scores of class actions and other high impact matters in state and federal court. DRA likewise has a stellar reputation in the area of disability rights and litigation.

29. I am informed that Mr. Seaborn is a 1998 graduate of the UCLA School of Law. For nearly 25 years, he specialized in the use of litigation to advance the public interest, and, over the last 20 years, he focused almost exclusively on cases impacting the rights of persons with disabilities. He has also

taught courses on disability law and litigation at UC Davis King Hall School of Law and at UC Law SF (formerly Hastings School of Law). Mr. Seaborn has served as lead counsel on dozens of disability rights class action and impact cases on behalf of persons with disabilities.

30.    Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $1250 requested here for Mr. Seaborn. All but one of these are for lawyers with fewer than 28 years (some of which are slightly under $1250 but, when adjusted for additional years would be the same or more).

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
| Larry Paradis[13] | DRA* | 27 (1985) | $800 | 2012 | $1,295 |
| Chritopher Cox[29] | Weill Gotschall | 23 (1991) | $850 | 2014 | $1,284 |
| Daniel B. Kohrman[4] | AFL***** | 26 (1984) | $740 | 2010 | $1,283 |
| Laurence Paradis[4] | DRA* | 26 (1985) | $730 | 2010 | $1,266 |
| Robert Rubin[20] | LCCR | 28 (1978) | $625 | 2006 | $1,244 |
| Aitan D. Goelman[113] | Zuckerman Spaeder | 24 (1997) | $1,040 | 2021 | $1,235 |
| Matthew Righetti[19] | Righetti Glugoski | 27 (1985) | $750 | 2012 | $1,214 |
| Rob Henning[42] | Hennig Ruiz & Singh | 25 (1994) | $945 | 2019 | $1,202 |

B.    AUTUMN ELLIOTT – 23 YEARS – $1150

31.    My understanding is that Autumn Elliott had a leading role in this case, first at DRC and later at her own solo practice. She is a nationally recognized expert in the area of disability rights. Ms. Elliott has had a leading role in the most complex types of legal actions, including class action litigation and appeals. In addition to the successful appeal to the Ninth Circuit in this case, she has also won appeals before the California Supreme Court in *Reilly v. Marin Housing Authority*, 10 Cal. 5th 583 (2020) and the Court of Appeal in *Tri-Cntys. Ass'n for the*

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

*Developmentally Disabled, Inc. v. Ventura Cnty. Pub. Guardian*, 63 Cal. App. 5th 1129 (2021). She was lead counsel on *Bassilios v. City of Torrance, CA*, which resulted in a positive published decision (166 F. Supp. 3d 1061 (C.D. Cal. 2015)) on a number of novel issues of law pertaining to a public entity's obligations to provide meaningful access to people with disabilities. She is the original author of the chapter on "Discrimination on the Basis of Disability in Public Accommodations" in *California Fair Housing and Public Accommodations*, a Rutter Group Practice Guide. She is a graduate of Harvard Law School and Harvard College, has an LL.M. degree from the University of the Witwatersrand, and served as a law clerk for a Ninth Circuit judge.

32.    I am informed that Ms. Elliott was fully engaged in all aspects of pre-filing work, discovery, hearings, briefing, and settlement discussions in this case. She also drafted all appellate pleadings, argued the appeal before the Ninth Circuit, and drafted the post-appellate briefing regarding injunctive relief for Mr. Guerra and Mr. Bontrager and liability with respect to Mr. Bontrager. She was the main author of Plaintiffs' mediation brief and fee motion, and took the lead in both damages and fee negotiations.

33.    Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $1150 requested here for Ms. Elliott. All of these are for lawyers with fewer than Ms. Elliott's 23 years (some of which are slightly under $1150 but, when adjusted for additional years would be the same or more).

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Angela Padilla[20] | MoFo | 15 (1991) | $600 | 2006 | $1,194 |
| Kelsi Brown Corkran[115] | Institute for Constitutional Advocacy & Protection | 18 (2005) | $1,075 | 2023 | $1,192 |
| Kelsi Brown Corkran[121] | | 18 (2005) | $1,075 | 2023 | $1,192 |

**Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks**

| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| Ronald K. Tellis[30] | Baron & Budd | 18 (1996) | $775 | 2014 | $1,171 |
| Jason S. Cowart[113] | Zuckerman Spaeder | 21 (2000) | $980 | 2021 | $1,164 |
| Anthony Nguyen[128] | Shegerian & Associates | 14 (2008) | $1,000 | 2022 | $1,148 |
| Julie Nepveu[4] | AFL***** | 19 (1991) | $660 | 2010 | $1,144 |
| Unnamed[10] | Bingham, McCutcheon | 13 (1997) | $655 | 2010 | $1,136 |
| Michelle Uzeta[13] | DRLC*** | 20 (1992) | $700 | 2012 | $1,133 |
| Matthew McNicholas[17] | McNicholas & McNicholas | 15 (1997) | $700 | 2012 | $1,133 |
| Melissa Kasnitz[4] | DRA* | 18 (1992) | $650 | 2010 | $1,127 |
| Earnest Bell[15] | Law Offices of Earnest Bell | 20 (1988) | $600 | 2008 | $1,114 |

## C.  AARON FISCHER – 20 YEARS – $1100; JULIE WILENSKY – 19 YEARS – $1050

34.    My understanding is that Aaron Fischer worked on this case while at DRC and later at his own solo practice. Prior to joining DRC, he was an attorney at Rosen Bien Galvan & Grunfeld. In 2014, he received the Jack Berman Award of Achievement for Distinguished Service to the Profession and the Public from the California State Bar Association (now the California Lawyers Association). He has repeatedly been named to the Northern California SuperLawyers list. He has served as class counsel in civil rights and disability cases across the state, including *Murray v. County of Santa Barbara* (C.D. Cal. Case No. 2:17-cv-08805-GW-JPR), *Mays v. County of Sacramento* (E.D. Cal. Case No. 2:18-cv-02081-TLN-KJN), and *Dunsmore v. San Diego County Sheriff's Department* (S.D. Cal. Case No. 3:20-cv-

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

00406-AJB-DDL). Mr. Fischer graduated from Columbia Law School and clerked for the Honorable Jack B. Weinstein of the United States District Court for the Eastern District of New York, and for the Honorable Kimba M. Wood of the United States District Court for the Southern District of New York.

35.   I am informed that Mr. Fischer took a leading role in the litigation of this case from its inception with respect to all aspects of discovery, hearings, and briefs. He drafted and argued Plaintiffs' summary judgment motion, delivered the opening statement at trial, and took testimony from several witnesses for Plaintiffs and Defendants. He managed several junior attorneys on the case while he was at Disability Rights California.

36.   Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $1100 and $1050 requested here for Mr. Fisher and Ms. Wilensky. All of these are except one are for lawyers with fewer than Ms. Wilensky's 19 years (some of which are slightly under $1150 but, when adjusted for additional years would be more). Please note that some of the attorneys whose rates were cited above have comparable or less experience and rates above $1100, which certainly support these requested rates.

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Anthony Nguyen[118] | Shegerian & Associates | 18 (2006) | $1,000 | 2023 | $1,109 |
| Anthony Nguyen[127] | Shegerian & Associates | 15 (2008) | $1,000 | 2023 | $1,109 |
| Scott A. Brooks[24] | Daniels, Fine, Israel, Schonbuch & Lebovits | 19 (1992) | $650 | 2011 | $1,089 |
| Shawna Parks[13] | DRA* | 13 (1999) | $665 | 2012 | $1,076 |
| John Glugoski[19] | Righetti Glugoski | 12 (1997) | $650 | 2012 | $1,052 |
| Julia Sherwin[27] | Haddad & Sherwin | 19 (1995) | $695 | 2014 | $1,050 |

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
| John Fattahi[117] | Law Office of John Fattahi | 18 (2006) | $975 | 2024 | $1,044 |
| Joe McMullen[131] | | 18 (2006) | $975 | 2024 | $1,044 |
| John Fattahi[129] | | 10 (2006) | $975 | 2024 | $1,044 |

D.    **SRI PANCHALAM, DEBORAH GETTLEMAN, ALLISON HOLCOMBE – 17 YEARS – $950**

37.    Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $950 requested here for the foregoing 17 year attorneys. Many of these are higher adjusted rates for attorneys with less than 17 years' experience, several with 14 years or less experience. Please note that some of the attorneys whose rates were cited above have comparable or less experience and rates above $90, which certainly support these requested rates.

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
| Anthony Nguyen[43] | Shegerian & Associates | 11 (2008) | $800 | 2019 | $1,018 |
| Shawna Parks[37] | DRLC | 18 (1999) | $745 | 2017 | $1,015 |
| Bryan M. Miller[8] | Litt, Estuar & Kitson | 18 (1994) | $625 | 2012 | $1,012 |
| Robert M. Kitson[8] | Litt, Estuar & Kitson | 17 (1995) | $625 | 2012 | $1,012 |
| Hector O. Villagra[1] | ACLU | 17 (1994) | $600 | 2011 | $1,005 |
| Ahilan Arulanantham[46] | ACLU | 14 (2005) | $785 | 2019 | $999 |
| Daniel Balaban[119] | | 17 (2006) | $900 | 2023 | $998 |
| Paul Hughes[38] | Mayer, Brown | 10 (2008) | $730 | 2017 | $995 |
| Jennifer Bezoza[4] | DRA* | 10 (2000) | $570 | 2010 | $988 |

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

**Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks**

| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| Robert Dell Angelo[14] | MTO** | 17 (1992) | $550 | 2009 | $987 |
| Rebecca Grey[25] | | 16 (1998) | $650 | 2014 | $982 |
| Gene J. Stonebarger[31] | Stonebarger Law, APC | 14 (2000) | $650 | 2014 | $982 |
| Shawna Parks[35] | Law Ofc Shawna Parks | 17 (1999) | $695 | 2016 | $980 |
| Morgan Ricketts[125] | | 14 (2009) | $915 | 2024 | $980 |
| Unnamed[10] | Rosen Bien & Galvan | 13 (1997) | $560 | 2010 | $971 |
| Katherine Weed[13] | DRA* | 10 (2002) | $600 | 2012 | $971 |
| Roger Heller[4] | DRA* | 09 (2001) | $560 | 2010 | $971 |

### E.   ALEXANDRA ROBERTSON – 13 YEARS – $900

38.   Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $900 requested here for Ms. Robertson. Many of these are higher adjusted rates for attorneys with less than 13 years' experience, several with 11 years or less experience. Please note that some of the attorneys whose rates were cited above have comparable or less experience and rates above $900, which certainly support these requested rates.

**Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks**

| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| Anthony Nguyen[43] | Shegerian & Associates | 11 (2008) | $800 | 2019 | $1,018 |
| Paul Hughes[38] | Mayer, Brown | 10 (2008) | $730 | 2017 | $995 |
| Jennifer Bezoza[4] | DRA* | 10 (2000) | $570 | 2010 | $988 |
| Robert Dell Angelo[14] | MTO** | 17 (1992) | $550 | 2009 | $987 |
| Rebecca Grey[25] | | 16 (1998) | $650 | 2014 | $982 |

**Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks**

| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| Gene J. Stonebarger[31] | Stonebarger Law, APC | 14 (2000) | $650 | 2014 | $982 |
| Morgan Ricketts[125] | | 14 (2009) | $915 | 2024 | $980 |
| Unnamed[10] | Rosen Bien & Galvan | 13 (1997) | $560 | 2010 | $971 |
| Katherine Weed[13] | DRA* | 10 (2002) | $600 | 2012 | $971 |
| Roger Heller[4] | DRA* | 09 (2001) | $560 | 2010 | $971 |
| Brian Olney[134] | HRSD | 13 (2012) | $875 | 2025 | $906 |
| Denise Gastélum[120] | | 13 (2011) | $850 | 2024 | $911 |
| Lindsay Battles[110] | McLane, Bednarski & Litt ("MBL") | 13 (2008) | $750 | 2021 | $891 |
| Lindsay Battles[122] | | 13 (2008) | $750 | 2021 | $891 |
| Matthew Strugar[37] | DRLC | 13 (2004) | $660 | 2017 | $900 |
| Unnamed[10] | Bingham, McCutcheon | 13 (1997) | $655 | 2010 | $1,136 |

**F.   THREE ATTORNEYS (ERIN GALLAGHER, JOHN KOREVEC, ALEXANDRA RUBOW) – 10 YEARS – $850; ONE ATTORNEY (JESSIE AGATSTEIN) – 10 YEARS – $825**

39.   My understanding is that Erin Gallagher is a Senior Staff Attorney at DRA. Ms. Gallagher has also served as class counsel or counsel in multiple class action and impact lawsuits advancing the civil rights of persons with disabilities. Prior to her employment at DRA, Ms. Gallagher litigated civil rights class actions on behalf of children in foster care, clerked for a District Court judge in the U.S. District Court for the Eastern District of New York, and worked as a litigation associate in the New York office of an international law firm. Ms. Gallagher graduated *magna cum laude* from New York University School of Law and

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

received her B.A. from Tufts University.

40.    I am informed that Ms. Gallagher contributed extensively to the post-appeal litigation and settlement in this case.

41.    Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $850 and $825 requested here for eleven and ten year attorneys. Many of these are higher adjusted rates for attorneys with less than 11 or 10 years' experience, several with 9 years' or less experience. Please note that some of the attorneys whose rates were cited above have comparable or less experience and adjusted rates well above $850, which also support these requested rates.

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
| Renee Masongsong[117] | Law Office of Dale Galipo | 11 (2011) | $800 | 2024 | $857 |
| Anthony Nguyen[43] | Shegerian & Associates | 11 (2008) | $800 | 2019 | $1,018 |
| Anthony Nguyen[44] | Shegerian & Associates | 11 (2008) | $675 | 2018 | $889 |
| Carly Munson[37] | DRLC | 11 (2006) | $625 | 2017 | $852 |
| Belinda Escobosa Helzer[1] | ACLU | 11 (2000) | $525 | 2011 | $880 |
| Shaleen Shanberg[125] | HSRD | 10 (2014) | $800 | 2024 | $857 |
| Mahru Majidi[127] | Shegerian & Associates | 10 (2013) | $750 | 2023 | $832 |

27

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Melissa Cardenas[128] | Shegerian & Associates | 10 (2012) | $800 | 2022 | $918 |
| Brandon Ruiz[42] | Hennig Ruiz & Singh | 10 (2009) | $720 | 2019 | $916 |
| Paul Hughes[38] | Mayer, Brown | 10 (2008) | $730 | 2017 | $995 |
| Andrea Oxman[37] | DRLC | 10 (2007) | $600 | 2017 | $818 |
| John Fattahi[129] | | 10 (2006) | $975 | 2024 | $1,044 |
| Kevin LaHue[34] | KMBL | 10 (2004) | $600 | 2014 | $907 |
| Katherine Weed[13] | DRA* | 10 (2002) | $600 | 2012 | $971 |
| Joseph J. Ybarra[1] | MTO** | 10 (2001) | $550 | 2011 | $921 |
| Jennifer Bezoza[4] | DRA* | 10 (2000) | $570 | 2010 | $988 |
| Shawna Parks[14] | DRLC | 10 (1999) | $525 | 2009 | $942 |
| Shakeer Rahman[132] | Law Office of Shakeer Rahman | 09 (2015) | $770 | 2024 | $825 |
| Katie Traverso[110] | ACLU of So. Cal. | 09 (2012) | $725 | 2021 | $861 |
| Sereena Singh[42] | Hennig Ruiz & Singh | 09 (2010) | $680 | 2019 | $865 |
| Jennifer Lee[13] | DRLC*** | 09 (2003) | $550 | 2012 | $890 |
| Peter Bibring[1] | ACLU | 09 (2002) | $490 | 2011 | $821 |

28

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Roger Heller[4] | DRA* | 09 (2001) | $560 | 2010 | $971 |
| Matthew Strugar[13] | DRLC*** | 08 (2004) | $525 | 2012 | $850 |
| Jacob A. Kreilkamp[1] | MTO** | 08 (2003) | $505 | 2011 | $846 |
| Sage Reeves[14] | DRLC | 08 (2001) | $475 | 2009 | $852 |
| Mary-Lee Smith[13] | DRA* | 07 (2005) | $555 | 2012 | $898 |
| Kevin Knestrick[4] | DRA* | 07 (2003) | $535 | 2010 | $928 |
| Kasey Corbit[4] | DRA* | 06 (2004) | $500 | 2010 | $867 |

### G.  FIVE YEAR (AMELIA EVARD) AND (TWO YEAR) ELIANA FISCHER ATTORNEYS – $650 AND $525 RESPECTIVELY

42.    Below are some comparable adjusted rates from my civil rights attorney fee Table 1 to the $650 and $525 requested here for five and two year attorneys. Many of these are higher adjusted rates for attorneys with comparable or less experience.

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Debra Patkin[13] | DRLC*** | 05 (2007) | $450 | 2012 | $728 |
| Karla Gilbride[13] | DRA* | 05 (2007) | $430 | 2012 | $696 |
| Stephanie Biedermann[13] | DRA* | 05 (2007) | $430 | 2012 | $696 |
| Christine Chuang[13] | DRA* | 05 (2007) | $430 | 2012 | $696 |
| Laura D. Smolowe[1] | MTO** | 05 (2006) | $460 | 2011 | $771 |

29

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
| Mary–Lee Kimber[4] | DRA* | 05 (2005) | $475 | 2010 | $824 |
| Sheryl Wu Leung[4] | Skadden Arps | 05 (2005) | $395 | 2010 | $685 |
| Matthew Strugar[14] | DRLC | 05 (2004) | $400 | 2009 | $718 |
| Sam Brown[42] | Hennig Ruiz & Singh | 04 (2015) | $550 | 2019 | $700 |
| Bambo Obarro[29] | Weill Gotschall | 04 (2010) | $400 | 2014 | $604 |
| Heather McGunigle[22] | DRLC | 04 (2009) | $375 | 2009 | $673 |
| Bethany Woodard[14] | MTO** | 04 (2005) | $395 | 2009 | $709 |
| Mark Lim[43] | Shegerian & Associates | 03 (2016) | $500 | 2019 | $636 |
| Marina A. Torres[1] | MTO** | 03 (2008) | $385 | 2011 | $645 |
| Sarala V. Nagala[1] | MTO** | 03 (2008) | $385 | 2011 | $645 |
| Stephanie Biedermann[4] | DRA* | 03 (2007) | $350 | 2010 | $607 |
| Kristina Wilson[14] | MTO** | 03 (2006) | $350 | 2009 | $628 |
| Mark Lim[44] | Shegerian & Associates | 02 (2016) | $400 | 2018 | $527 |
| Kara Janssen[13] | DRA* | 02 (2010) | $330 | 2012 | $534 |
| Nathaniel Fisher[4] | Skadden Arps | 02 (2008) | $530 | 2010 | $919 |
| Unnamed[10] | Bingham, McCutcheon | 02 (2008) | $400 | 2010 | $694 |

## H.   TWO PARALEGALS – $320

43.   Below are some comparable adjusted rates from my civil rights attorney fee Table 1 comparable to or less than, often significantly less than, the $320 paralegal rate requested here. Many of these are higher adjusted rates for

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

attorneys with comparable or less experience.

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Julia White[38] [Sr. Paralegal] | KMBL | Paralegal | $335 | 2017 | $457 |
| Julia White[34] [Sr. Paralegal] | KMBL | Paralegal | $295 | 2014 | $446 |
| Julia White[110] | McLane, Bednarski & Litt ("MBL") | Sr. Paralegal | $375 | 2021 | $445 |
| Marie Bolanos[110] | McLane, Bednarski & Litt ("MBL") | Sr. Paralegal | $375 | 2021 | $445 |
| Maricela Lopez-Krulak[110] | ACLU of So. Cal. | Sr. Paralegal | $375 | 2021 | $445 |
| Sandra Kang[110] | ACLU of So. Cal. | Sr. Paralegal | $375 | 2021 | $445 |
| Sr. Paralegal[122] | | | $375 | 2021 | $445 |
| Julia White[40] [Sr. Paralegal] | KMBL | Paralegal | $335 | 2018 | $441 |
| Lori V. Duignan[113] | Zuckerman Spaeder | Sr. Paralegal | $370 | 2021 | $439 |
| Sr. Paralegal[15] | Litt, Estuar & Kitson | Paralegal | $235 | 2008 | $437 |
| Senior Paralegals[7] | Litt, Estuar & Kitson | Paralegal | $225 | 2007 | $433 |
| Linda H. Woo[112] | Rosen Bien Galvan & Grunfeld | Sr. paralegal | $350 | 2021 | $416 |
| Sr. paralegal[10] | Rosen Bien & Galvan | | $240 | 2010 | $416 |
| Sr. paralegal[8] | Litt, Estuar & Kitson | Paralegal | $250 | 2012 | $405 |
| Paralegal[13] | DRA* | Paralegal | $240 | 2012 | $405 |
| Paralegals[4] | DRA* | Paralegal | $225 | 2010 | $390 |
| Litigation Assist[13] | DRLC*** | Litigation Assist | $230 | 2012 | $372 |

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Heath White[34] [High Tech Paralegal] | KMBL | Paralegal | $235 | 2014 | $355 |
| Paralegal[1] | MTO** | Paralegal | $210 | 2011 | $352 |

## VI.   COMMERCIAL RATES ARE SIGNIFICANTLY HIGHER THAN THE RATES SOUGHT HERE.

### A.   25 OR FEWER YEARS' EXPERIENCE

44.   As I explained previously, civil rates are supposed to be comparable to commercial rates for complex litigation, as Congress made clear when enacting 42 U.S.C. § 1988. In reality, for whatever reason, courts generally do not award civil rates comparable to those charged in complex commercial litigation. Nonetheless, those rates are appropriate comparators.

45.   Below are some comparable adjusted rates from my commercial attorney fee Table 3, which are either higher than the rates sought here for comparably experienced attorneys, or comparable to the rates for less experienced attorneys rates. Many of these are higher adjusted rates for attorneys with significantly less experience.

46.   Notice that even in the under ten years' experience, many of the rates are far higher than the comparable ratees sought here. The highest rate sought here is $1250 for a 28 year attorney. The following commercial rates are higher or comparable to the $1250, for attorneys with under 25 years' experience. Indeed, some are for attorneys with less than half of the 28 years of experience for the highest biller in this case (including some under ten years' experience).

/ / /

/ / /

/ / /

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Atty | Firm | Practice Yrs [Grad Yr] | Rate | Year | Adjusted Rate |
|------|------|------------------------|------|------|---------------|
| **Table 3: Commercial or Reported Standardized Rates Reflected in Select Attorney Fee Awards, Declarations or Reports** | | | | | |
| Max Burke [99] | Sullivan & Cromwell | 22 (1999) | $2165 | 2023 | $2,400 |
| Chris Beatty [99] | Sullivan & Cromwell | 19 (2004) | $2165 | 2023 | $2,400 |
| Jacob M. Croke[99] | Sullivan & Cromwell | 12 (2011) | $2,135 | 2023 | $2,367 |
| Jacob M. Croke[99] | Sullivan & Cromwell | 12 (2011) | $2,135 | 2023 | $2,367 |
| Jeannette E Bander [99] | Sullivan & Cromwell | 12 2011 | $2,030 | 2023 | $2,251 |
| Jason D. Russell[82] | Skadden Arps | 18 (1993) | $1030 | 2011 | $1,726 |
| Unnamed[92] | Davis, Polk & Wardwell | 23 (1986) | $960 | 2009 | $1,723 |
| Daniel Perry[93] | Milbank, Tweed | 14 (2000) | $1135 | 2014 | $1,715 |
| Unnamed[92] | Davis, Polk & Wardwell | 19 (1990) | $955 | 2009 | $1,714 |
| Marc Becker[81] | Quinn Emanuel | 24 (1988) | $1035 | 2012 | $1,675 |
| Beller, Benjamin S.[99] | Sullivan & Cromwell | 10 (2013) | $1,475 | 2023 | $1,635 |
| Jensen, Christian P. [99] | Sullivan & Cromwell | 08 (2015) | $1,475 | 2023 | $1,635 |
| Levine, Aaron M. [99] | Sullivan & Cromwell | 06 (2017) | $1,395 | 2023 | $1,547 |
| Unnamed[92] | Klee, Tuchin, Bogdanoff, & Stern | 19 (1990) | $850 | 2009 | $1,525 |
| Brian J. Hennigan[89] | Irell & Manella | 25 (1983) | $775 | 2008 | $1,440 |
| Unnamed[92] | Weil, Gotscahl & Manges | 23 (1986) | $799 | 2009 | $1,434 |
| Unnamed[85] | Paul Hastings | 23 (1998) | $850 | 2011 | $1,424 |
| Unnamed[92] | Gibson Dunn & Crutcher | 25 (1974) | $790 | 2009 | $1,418 |

33

**Table 3: Commercial or Reported Standardized Rates Reflected in Select Attorney Fee Awards, Declarations or Reports**

| Atty | Firm | Practice Yrs [Grad Yr] | Rate | Year | Adjusted Rate |
|------|------|------------------------|------|------|---------------|
| Marcellus McRae[86] | Gibson Dunn | 21 (1988) | $785 | 2009 | $1,409 |
| Alejandro Mayorkas[90] | O'Melveny &Myers | 23 (1986) | $770 | 2009 | $1,382 |
| Delilah Vinzon[93] | Milbank, Tweed | 12 (2002) | $900 | 2014 | $1,360 |
| Chen, Linda Yao[99] | Sullivan & Cromwell | 03 (2020) | $1,205 | 2023 | $1,336 |
| Victoria Maroulis[81] | Quinn Emanuel | 13 (1999) | $815 | 2012 | $1,319 |
| Unnamed[92] | Pachulski, Stang et al. | 22 (1987) | $725 | 2009 | $1,301 |
| Unnamed[92] | Munger, Tolles & Olson | 22 (1987) | $725 | 2009 | $1,301 |
| Christopher Cox[95] | Weil Gotshal | 23 (1991) | $850 | 2014 | $1,284 |
| Diane Hutnyan[81] | Quinn Emanuel | 15 (1997) | $790 | 2012 | $1,279 |
| Danielle Gilmore[87] | Quinn Emanuel | 15 (1993) | $685 | 2008 | $1,272 |
| Unnamed[91] | Paul Hastings | 16 (1994) | $725 | 2010 | $1,257 |
| Mark D. Kemple[88] | Greenberg Traurig | 20 (1989) | $675 | 2009 | $1,254 |

## B.    13 OR FEWER YEARS' EXPERIENCE

47.    Similarly, in the 13 or less years' experience, most of the adjusted rates are far higher than the comparable rates sought here. The highest rate sought here for an attorney with 13 years or less is $900. The following commercial rates are higher or comparable to that $900, mostly for attorneys with under 10 years' experience and also mostly with adjusted rates above $1000.

/ / /

/ / /

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

**Table 3: Commercial or Reported Standardized Rates Reflected in Select Attorney Fee Awards, Declarations or Reports**

| Atty | Firm | Practice Yrs [Grad Yr] | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| Unnamed[92] | Davis, Polk & Wardwell | 04 (2005) | $680 | 2009 | $1,220 |
| Revi-Ruth Enriquez[93] | Milbank, Tweed | 06 (2008) | $800 | 2014 | $1,209 |
| Todd Briggs[81] | Quinn Emanuel | 12 (2000) | $735 | 2012 | $1,190 |
| Hillary A. Hamilton[82] | Skadden Arps | 10 (2001) | $710 | 2011 | $1,189 |
| Melissa Dalziel[81] | Quinn Emanuel | 12 (2000) | $730 | 2012 | $1,182 |
| Unnamed[92] | White & Case | 08 (2001) | $655 | 2009 | $1,176 |
| Unnamed[92] | Klee, Tuchin, Bogdanoff, & Stern | 12 (1997) | $650 | 2009 | $1,167 |
| Unnamed[91] | Paul Hastings | 11 (1999) | $670 | 2010 | $1,162 |
| Hannah Cannom[93] | Milbank, Tweed | 08 (2006) | $760 | 2014 | $1,148 |
| Caitlin Hawks[93] | Milbank, Tweed | 06 (2008) | $760 | 2014 | $1,148 |
| Unnamed[91] | Paul Hastings | 10 (2000) | $660 | 2010 | $1,144 |
| Unnamed[92] | Gibson Dunn & Crutcher | 12 (1997) | $635 | 2009 | $1,140 |
| Unnamed[85] | Paul Hastings | 12 (1999) | $670 | 2011 | $1,122 |
| Jorge DeNeve[90] | O'Melveny &Myers | 10 (1998) | $620 | 2009 | $1,113 |
| Unnamed[92] | White & Case | 06 (2003) | $600 | 2009 | $1,077 |
| Unnamed[92] | White & Case | 04 (2004) | $600 | 2009 | $1,077 |
| Erik Swanholt[88] | Greenberg Traurig | 11 (1998) | $575 | 2009 | $1,068 |
| Grier R,. Barnes[99] | Sullivan & Cromwell | 02 (2022) | $960 | 2023 | $1,064 |
| Grier R,. Barnes[99] | Sullivan & Cromwell | 01 (2022) | $960 | 2023 | $1,064 |
| Grier R,. Barnes[99] | Sullivan & Cromwell | 01 (2022) | $960 | 2023 | $1,064 |
| Alex Doherty[94] | Sidley Austin | 06 (2008) | $700 | 2014 | $1,058 |

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Atty | Firm | Practice Yrs [Grad Yr] | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| **Table 3: Commercial or Reported Standardized Rates Reflected in Select Attorney Fee Awards, Declarations or Reports** | | | | | |
| Unnamed[85] | Paul Hastings | 09 (2002) | $630 | 2011 | $1,055 |
| Joseph Belichick[98] | Fenwick & West | 11 (2003) | $690 | 2014 | $1,043 |
| Todd Gregorian[98] | Fenwick & West | 10 (2005) | $690 | 2014 | $1,043 |
| Liwen Mah[98] | Fenwick & West | 09 (2005) | $690 | 2014 | $1,043 |
| Unnamed[92] | Weil, Gotscahl & Manges | 06 (2003) | $580 | 2009 | $1,041 |
| Unnamed[85] | Paul Hastings | 08 (2003) | $620 | 2011 | $1,039 |
| Unnamed[92] | Gibson Dunn & Crutcher | 06 (2003) | $570 | 2009 | $1,023 |
| Suzanna Brickman[83] | MoFo | 07 (2006) | $650 | 2013 | $1,017 |
| Allan Johnson[90] | O'Melveny &Myers | 08 (2001) | $565 | 2009 | $1,014 |
| Unnamed[85] | Paul Hastings | 07 (2004) | $590 | 2011 | $988 |
| Jennifer J. Johnson[98] | Fenwick & West | 07 (2007) | $640 | 2014 | $967 |
| Unnamed[92] | Morrison & Foerster | 09 (2000) | $535 | 2009 | $960 |
| Unnamed[85] | Paul Hastings | 06 (2005) | $565 | 2011 | $947 |
| Danielle Katzir[86] | Gibson Dunn | 05 (2004) | $525 | 2009 | $942 |

## C.    5 OR FEWER YEARS' EXPERIENCE

48.    The same holds true for commercial rates for attorneys with five years' experience or less, where Plaintiffs here request $650 (five years) and $525 (two years). The following rates are for attorneys with five or fewer years' experience.

/ / /

/ / /

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

**Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks**

| Attorney | Firm | Pract Yrs (Grad Yr) | Rate | Year | Adjusted Rate |
|---|---|---|---|---|---|
| Kathleen Lu[98] | Fenwick & West | 05 (2009) | $560 | 2014 | $846 |
| Katherine Eklund9[93] | Milbank, Tweed | 05 (2009) | $550 | 2014 | $831 |
| Unnamed[85] | Paul Hastings | 05 (2006) | $530 | 2011 | $888 |
| Danielle Katzir[86] | Gibson Dunn | 05 (2004) | $525 | 2009 | $942 |
| Paralegal[90] | O'Melveny &Myers | 05 (2004) | $225 | 2009 | $404 |
| Dena G. Kaplan[89] | Irell & Manella | 05 (2003) | $475 | 2008 | $882 |
| Shihui Xiang[99] | Sullivan & Cromwell | 04 (2019) | $810 | 2023 | $898 |
| Alex Doherty[94] | Sidley Austin | 04 (2008) | $520 | 2012 | $842 |
| Unnamed[84] | Lieff Cabraser | 04 (2008) | $395 | 2012 | $639 |
| Unnamed[85] | Paul Hastings | 04 (2007) | $500 | 2011 | $838 |
| Unnamed[92] | Davis, Polk & Wardwell | 04 (2005) | $680 | 2009 | $1,220 |
| Unnamed[92] | Weil, Gotscahl & Manges | 04 (2005) | $500 | 2009 | $897 |
| Multiple associates[86] | Gibson Dunn | 04 (2005) | $495 | 2009 | $888 |
| Unnamed[92] | Munger, Tolles & Olson | 04 (2005) | $450 | 2009 | $808 |
| Unnamed[92] | White & Case | 04 (2004) | $600 | 2009 | $1,077 |
| Kimberly A. Svendsen[89] | Irell & Manella | 04 (2004) | $410 | 2008 | $762 |
| Chen, Linda Yao[99] | Sullivan & Cromwell | 03 (2020) | $1,205 | 2023 | $1,336 |
| Annasara Purcell[98] | Fenwick & West | 03 (2011) | $505 | 2014 | $763 |
| Unnamed[85] | Paul Hastings | 03 (2008) | $450 | 2011 | $754 |
| Melissa Barshop[86] | Gibson Dunn | 03 (2006) | $470 | 2009 | $843 |
| Unnamed[92] | Gibson Dunn & Crutcher | 03 (2006) | $470 | 2009 | $843 |

37

| Table 1: Civil Rights Lodestar Awards/Lodestar Crosschecks | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Firm** | **Pract Yrs (Grad Yr)** | **Rate** | **Year** | **Adjusted Rate** |
| Unnamed[92] | Weil, Gotscahl & Manges | 03 (2006) | $465 | 2009 | $835 |
| Abby Schwartz[90] | O'Melveny &Myers | 03 (2006) | $450 | 2009 | $808 |
| Hirad Dadgostar[88] | Greenberg Traurig | 03 (2006) | $400 | 2008 | $743 |
| Unnamed[92] | Munger, Tolles & Olson | 03 (2006) | $400 | 2009 | $718 |
| Unnamed[92] | O'Melveny & Myers | 03 (2006) | $395 | 2009 | $709 |
| Grier R. Barnes[99] | Sullivan & Cromwell | 02 (2022) | $960 | 2023 | $1,064 |
| Yungmoon Chang[97] | | 02 (2016) | $554 | 2018 | $730 |
| Armen Nercessian[98] | Fenwick & West | 02 (2012) | $450 | 2014 | $680 |
| Multiple associates[86] | Gibson Dunn | 02 (2007) | $400 | 2009 | $718 |
| Sara Brenner[87] | Quinn Emanuel | 02 (2006) | $340 | 2008 | $632 |
| Lauren McCray[94] | Sidley Austin | 02 (1998) | $495 | 2014 | $748 |
| Shannon Kumagai[98] | Fenwick & West | 01 (2014) | $370 | 2014 | $559 |
| Unnamed[85] | Paul Hastings | 01 (2010) | $360 | 2011 | $603 |
| Unnamed[92] | Weil, Gotscahl & Manges | 01 (2008) | $355 | 2009 | $637 |
| Multiple associates[86] | Gibson Dunn | 01 (2008) | $345 | 2009 | $619 |
| Lauren McCray[94] | Sidley Austin | 01 (1998) | $340 | 2012 | $550 |

### D.    PARALEGALS

49.    Commercial rates for paralegals are also far higher than those requested here, as is evidenced by the following:

| Table 3: Commercial or Reported Standardized Rates Reflected in Select Attorney Fee Awards, Declarations or Reports | | | | | |
|---|---|---|---|---|---|
| Atty | Firm | Practice Yrs [Grad Yr] | Rate | Year | Adjusted Rate |
| Sr. Paralegal[91] | Paul Hastings | Paralegal | $330 | 2010 | $572 |
| Paralegal[86] | Gibson Dunn | Paralegal | $315 | 2009 | $565 |
| Paralegal[86] | Gibson Dunn | Paralegal | $300 | 2009 | $538 |
| Paralegal[86] | Gibson Dunn | Paralegal | $295 | 2009 | $529 |
| Paralegal[87] | Quinn Emanuel | Paralegal | $235 | 2008 | $437 |
| Legal Assistant[82] | Skadden Arps | Legal Assistant | $295 | 2011 | $494 |
| Paralegal [Robert Winant] [98] | Fenwick & West | Paralegal | $295 | 2014 | $446 |
| Paralegal [Sarah Victoria] [98] | Fenwick & West | Paralegal | $345 | 2014 | $521 |
| ESI Support Staff [Brad Bonnington] [98] | Fenwick & West | ESI Support Staff | $275 | 2014 | $416 |
| ESI Support Staff [David Tran] [98] | Fenwick & West | ESI Support Staff | $290 | 2014 | $438 |
| Paralegal [Atamian, Stepan G.] [99] | Sullivan & Cromwell | | $425 | 2023 | $471 |
| Paralegal [Chen, Sophia] [99] | Sullivan & Cromwell | | $595 | 2023 | $660 |
| Paralegal [Keith Catuara] [97] | | Paralegal | $334 | 2018 | $440 |

## VII.  CITY OF LOS ANGELES CONTRACT WITH MUNGER, TOLLES, AND OLSON

50.    Also relevant to the rates requested here, I further note that the City of Los Angeles contracted with Munger, Tolles & Olson ("MTO"), regarding Los Angeles' litigation defending suits regarding the Palisades fire. Below are the 2025 revised rates for the Palisades litigation between the City and MTO, at what are purportedly discounted rates. (They are presumably now higher for 2026.) The

39

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

relevant attorney rates are listed in the tables discussed below. I also list the contractual "not to exceed" rates for mid-level associates because they show even discounted rates for a government entity to be far higher than those sought here. Note, for example, that the not to exceed rate for a two-year attorney is $895 compared to the $525 requested here; and the contracted rate for 13 and 14 year attorneys is $1580 compared to the $1250 requested here for a 28 year attorney. These rates are particularly notable because they are with a municipality, and such rates are generally at the lower end of the rate scale that commercial firms charge.

| Attorney | Firm | Practice Yrs | Year | Rate | Description |
|---|---|---|---|---|---|
| **2025 MTO/City of Los Angeles Contract #47877 for MTO representation defending against palisades fires lawsuits, obtained by CELA through PRA request** | | | | | |
| Attorney | Firm | Practice Yrs | Year | Rate | Description |
| Nick Fram | Munger, Tolles & Olson | 13 (2012) | 2025 | $1,580 | 2025 MTO/ LA Contract #47877 |
| Wes Burrell | Munger, Tolles & Olson | 14 (2011) | 2025 | $1,580 | 2025 MTO/ LA Contract #47877 |
| **Below are not to exceed rates for the 2025 MTO/LA Contract No. #47877** | | | | | |
| Attorney | Firm | Practice Yrs | Year | Rate | Description |
| Partners (other than Brad Brian and Henry Weissmann) | Munger, Tolles & Olson | | 2025 | $1,800 | 2025 MTO/ LA Contract #47877 |
| Associate (6th year) | Munger, Tolles & Olson | | 2025 | $1,180 | 2025 MTO/ LA Contract #47877 |
| Associate (5th year) | Munger, Tolles & Olson | | 2025 | $1,130 | 2025 MTO/ LA Contract #47877 |
| Associate (4th year) | Munger, Tolles & Olson | | 2025 | $1,080 | 2025 MTO/ LA Contract #47877 |

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs

| Attorney | Firm | Practice Yrs | Year | Rate | Description |
|---|---|---|---|---|---|
| Associate (3rd year) | Munger, Tolles & Olson | | 2025 | $995 | 2025 MTO/ LA Contract #47877 |
| Associate (2nd year) | Munger, Tolles | | 2025 | $895 | 2025 MTO/ LA Contract #47877 |
| Associate (1st year) | Munger, Tolles & Olson | | 2025 | $820 | 2025 MTO/ LA Contract #47877 |
| Litigation Support/E-Discovery | Munger, Tolles & Olson | | 2025 | $745 | 2025 MTO/ LA Contract #47877 |
| Paralegal | Munger, Tolles & Olson | | 2025 | $670 | 2025 MTO/ LA Contract #47877 |

51. Based on the foregoing, I am of the opinion that the rates sought by the Plaintiffs in this case are reasonable for attorneys of like skill and experience engaged in public interest civil rights litigation in the greater Los Angeles legal market.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed at Pasadena, California on February 16, 2026.

_____
BARRETT S. LITT

*Guerra, et al. v. WLAC et al.*, Case No. 2:16-cv-06796-MWF-KS
Declaration of Barrett S. Litt ISO Plaintiffs' Motion for Attorneys' Fees and Costs